IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HAROLD ATENCIO,**

    **Plaintiff,**

v.                                          Case No.

**RAÚL TORREZ,**
    in his official capacity
    as the Attorney General
    of New Mexico; and
**SAM BREGMAN,**
    in his official capacity as
    the District Attorney of the
    Second Judicial District,

    **Defendants.**

## COMPLAINT

Plaintiff Harold Atencio ("Plaintiff"), through undersigned counsel, alleges as follows:

## INTRODUCTION

1. This civil rights action seeks to put a stop to the State of New Mexico's criminalization of constitutionally protected speech.

2. NMSA 1978, Section 32A-4-33 makes it a misdemeanor offense to disseminate any information related to parties of abuse and neglect proceedings.

3. However, content-based restrictions on speech are only permissible if they are narrowly tailored to serve a compelling state interest.

4. In a published opinion, the Tenth Circuit recently struck down a Colorado statute that attached criminal penalties to disclosure of information about child abuse cases. *See Peck v. McCann*, 43 F.4th 1116 (10th Cir. 2022).

5. NMSA 1978, Section 32A-4-33 suffers from the same defects as the statute in *Peck* and is facially unconstitutional for the same reasons.

6. Plaintiff, Harold Atencio, is a licensed attorney who represents foster parents and relatives of children subject to abuse and neglect proceedings in New Mexico state district court.

1

As part of his work, Plaintiff receives child abuse and neglect reports and information prepared by New Mexico's Children, Youth & Families Department ("CYFD").

7. These CYFD reports and information are confidential under NMSA 1978, Section 32A-4-33 and anyone who releases this information is subject to criminal prosecution.

8. Plaintiff currently represents the relative of an infant who is subject to an abuse and neglect proceeding. He has come into possession of information which he believes establishes that CYFD is acting in violation of statutes and regulations. He wishes to publicly comment on CYFD's investigative techniques and actions, by giving an interview with an investigative reporter.

9. However, due to the threat of prosecution, he is unable to do so. Accordingly, Plaintiff's right to free speech is abridged, restrained, and chilled in violation of the First Amendment.

## PARTIES

10. Plaintiff Harold Atencio is an attorney and at all relevant times was a citizen of New Mexico. He resides and works in Bernalillo County, New Mexico.

11. Defendant Raúl Torrez is the Attorney General of the State of New Mexico. The Attorney General of New Mexico is the chief law enforcement officer for the State of New Mexico. Attorney General Torrez is sued in his official capacity.

12. Defendant Sam Bregman is the District Attorney for the Second Judicial District, which encompasses Bernalillo County, New Mexico. The District Attorney for the Second Judicial District is the chief law enforcement officer of Bernalillo County and is charged with prosecuting and enforcing the criminal laws of the State of New Mexico. District Attorney Bregman is sued in his official capacity.

## JURISDICTION AND VENUE

13. Jurisdiction for this case is established by 28 U.S.C. §§ 1331 and 1343.

14. This case is initiated in accordance with 42 U.S.C. § 1983.

15. Plaintiff's claims for attorney's fees and costs are based on 42 U.S.C. § 1988.

16. Venue is proper in the District of New Mexico pursuant to 28 U.S.C. § 1391. Plaintiff and all named Defendants are located within this District.

## ALLEGATIONS

**A. The Challenged Statutory Scheme.**

17. Article 4, Section 32A-4-1 *et. seq.* of the Children's Code governs child abuse and neglect matters.

18. Section 32A-4-33 of the Abuse and Neglect Act (the "Confidentiality Statute") makes all records and information regarding a party to a neglect or abuse proceeding confidential. Section 32A-4-33(A) states:

> All records or information concerning a party to a neglect or abuse proceeding, including social records, diagnostic evaluations, psychiatric or psychological reports, videotapes, transcripts and audio recordings of a child's statement of abuse or medical reports incident to or obtained as a result of a neglect or abuse proceeding or that were produced or obtained during an investigation in anticipation of or incident to a neglect or abuse proceeding shall be confidential and closed to the public.

19. The Confidentiality Statute also lists several individuals and entities that may lawfully obtain access to the confidential records and information. For example, disclosure of records and information is permitted to the parties of an abuse and neglect proceeding, "the attorney representing the child in an abuse or neglect action," "a foster parent," "a grandparent," or "any other person or entity, by order of the court, having a legitimate interest in the case or the work of the court." Section 32A-4-33(B).

20. Although abuse and neglect records and information may be disclosed to certain individuals or entities, Section 32A-4-33(D) (the "Criminal Provision") seeks to enforce the Confidentiality Statute by criminalizing the disclosure of *any* information or record closed to the public, even nonidentifying information:

> Whoever intentionally and unlawfully releases any information or records closed to the public pursuant to the Abuse and Neglect Act or releases or makes other unlawful use of records in violation of that act is guilty of a petty misdemeanor and shall be sentenced pursuant to the provisions of Section 31-19-1 NMSA 1978.

21. NMSA 1978, Section 31-19-1(B) describes the punishment referred to in Section 32A-4-33(D), and provides that for a petty misdemeanor:

the judge shall sentence the person to be imprisoned in the county jail for a definite term not to exceed six months or to the payment of a fine of not more than five hundred dollars ($500) or to both such imprisonment and fine in the discretion of the judge.

**B. The Challenged Statutory Scheme Criminalizes Disclosure Of Government Misconduct.**

22. In all, the Confidentiality Statute shields CYFD's record keeping, reports, and information gathering techniques from the public. The Confidentiality Statute also shields CYFD employees and contractors from public criticism and allegations regarding misconduct and ethics violations.

23. The Criminal Provision allows CYFD employees and contractors to operate under cover of secrecy and with impunity.

24. Indeed, CYFD's recently appointed Secretary, Barbara Vigil, has even admitted the existing Confidentiality Statute is "overly restrictive" and acknowledged its inconsistency with Tenth Circuit precedent.[1]

25. Despite this acknowledgment, the New Mexico Legislature has failed to amend Section 32A-4-33 such that it complies with Tenth Circuit precedent.

26. Moreover, on information and belief, the State of New Mexico certifies annually to the United States Department of Health and Human Services that it actively enforces the Confidentiality Statute and Criminal Provision. New Mexico makes these certifications to obtain grant funding under the Child Abuse Prevention and Treatment Act.

**C. Plaintiff Is Unable To Call Attention To CYFD's Bad Actions.**

27. Since 1988, Plaintiff has been an attorney licensed to practice law in the State of New Mexico.

28. Plaintiff specializes in adoption law. Since 1994, he has represented individuals in various stages of adoption proceedings.

---

[1] https://www.abqjournal.com/2579703/cyfd-transparency-bill-sails-through-house-health-and-human-services-committee-2.html

4

29. Plaintiff encounters children subject to abuse and neglect proceedings as part of his practice. On that basis, he routinely possesses and obtains confidential records and information in neglect or abuse proceedings pertaining to his cases. He obtains these confidential records and information pursuant to the Confidentiality Statute.

30. As a matter of course since 1994, during representation of his clients, Plaintiff and his clients have been warned by New Mexico state district court judges that violation of the Confidentiality Statute was a criminal offense.

31. Plaintiff currently represents a relative of an infant child subject to abuse and neglect proceeding in New Mexico.

32. During his representation, Plaintiff learned of egregious ongoing misconduct by CYFD related to the infant's abuse and neglect proceeding. This misconduct includes violations of CYFD policies and procedures, possible corruption, and planned conduct that threatens the life and wellbeing of the infant.

33. Plaintiff wishes to give an interview to the press in Bernalillo County, New Mexico to publicly disclose the facts and circumstances of CYFD's ongoing misconduct. Such disclosure would not include identifying information or records of the infant or any party to the abuse and neglect case other than CYFD.

34. However, due to the threat of prosecution, Plaintiff believes that he cannot disclose the bad actions and decision making of CYFD. Accordingly, Plaintiff's speech is chilled.

35. Based upon the threat of prosecution, Plaintiff and any reasonable person in his position would be chilled, deterred and precluded from expressing concerns regarding misconduct by CYFD. Thus, Plaintiff has standing to bring this suit.

36. The deprivation of Plaintiff First Amendment right of free speech is an injury that is irreparable and not compensable with damages, and is thus appropriate for injunctive relief.

37. This case presents a real case or controversy between the parties appropriate for a declaratory judgment pursuant to 28 U.S.C. § 2201.

## CAUSE OF ACTION

## First Amendment Violation, Abridging Freedom of Speech pursuant to 42 U.S.C. § 1983

### (Claim against all Defendants)

38. All prior allegations are incorporated by reference.

39. Plaintiff's desire to criticize government conduct based on child abuse records and reports is protected by the First Amendment as political speech.

40. Plaintiff lawfully obtained the information he wishes to disclose. However, he is deterred from doing so due to the credible threat of prosecution.

41. When a speaker wishes to disclose lawfully obtained information of public concern, such speech may only be sanctioned or limited to serve a government interest of the highest order, and then only by narrowly tailored restriction.

42. NMSA 1978, Section 32A-4-33 is a content-based regulation that unduly restricts Plaintiff's speech. It is not narrowly tailored to serve a government interest of the highest order.

43. The blanket prohibition on disclosure of all information related to abuse and neglect proceedings enables and encourages the type of misconduct Plaintiff wishes to bring to the public's attention.

44. NMSA 1978, Section 32A-4-33 also fails to provide notice to a would-be speaker or direction to law enforcement officials as to when a speaker's words may be charged criminally. Thus, the statute offers no clear and measurable standard by which Plaintiff and others can act lawfully.

45. NMSA 1978, Section 32A-4-33 is overbroad, vague, and violates the rights of Plaintiff and other would-be speakers who would disclose official misconduct by CYFD and its contractors. Thus, the Criminal Provision should be struck as unconstitutional on its face.

### JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

Plaintiff requests the Court enter an order granting the following relief:

a. A declaration that the Criminal Provision is unconstitutional and void;

b. A permanent injunction enjoining the defendants from enforcing the Criminal Provision.

c. Attorney's fees and the costs associated with this action;

d. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Date: April 18, 2023         By:_____
                              Benjamin Gubernick (Bar No. 145006)
                              **GUBERNICK LAW P.L.L.C.**
                              10720 W. Indian School Rd.,
                              Suite 19, PMB 12
                              Phoenix, AZ 85037
                              623-252-6961
                              ben@gubernicklaw.com

7