HOUSE HEALTH AND HUMAN SERVICES COMMITTEE SUBSTITUTE FOR
HOUSE BILL 10

**56TH LEGISLATURE - STATE OF NEW MEXICO - FIRST SESSION, 2023**

AN ACT

RELATING TO THE CHILDREN'S CODE; SPECIFYING TO WHOM AND UNDER WHAT CIRCUMSTANCES INFORMATION THAT IS HELD BY THE CHILDREN, YOUTH AND FAMILIES DEPARTMENT THAT PERTAINS TO CHILD ABUSE AND NEGLECT MAY BE SHARED; REQUIRING THAT INFORMATION BE PROVIDED ABOUT CHILD FATALITIES OR NEAR FATALITIES; PROTECTING PERSONAL IDENTIFIER INFORMATION OF DEPARTMENT CLIENTS; REQUIRING THE COURT'S WRITTEN ORDER WHEN EXCLUDING MEDIA FROM AN ABUSE OR NEGLECT PROCEEDING, WHICH IS APPEALABLE; REQUIRING REPORTS ON THE CHILDREN, YOUTH AND FAMILIES DEPARTMENT'S WEBSITE; PRESCRIBING A PENALTY.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF NEW MEXICO:

    **SECTION 1.** Section 32A-4-20 NMSA 1978 (being Laws 1993, Chapter 77, Section 114, as amended) is amended to read:

    "32A-4-20. CONDUCT OF HEARINGS--FINDINGS--DISMISSAL--

.225441.5

underscored material = new
[bracketed material] = delete

HHHC/HB 10

DISPOSITIONAL MATTERS--<u>ORDER EXCLUDING MEDIA APPEALABLE</u>--PENALTY.--

    A.  The proceedings shall be recorded by stenographic notes or by electronic, mechanical or other appropriate means.  <u>The court docket number is a public record.</u>

    B.  [<s>All</s>] Abuse and neglect hearings shall be closed to the general public.

    C.  Only the parties, their counsel, witnesses and other persons approved by the court may be present at a closed hearing.  The foster parent, preadoptive parent or relative providing care for the child shall be given notice and an opportunity to be heard at the dispositional phase.  Those other persons the court finds to have a proper interest in the case or in the work of the court may be admitted by the court to closed hearings on the condition that they refrain from divulging any information that would identify the child or family involved in the proceedings.

    D.  Accredited representatives of the news media shall be allowed to be present at closed hearings, [<s>subject to</s>] <u>on</u> the condition that they refrain from divulging information that would identify [<s>any</s>] <u>the</u> child involved in the proceedings or the [<s>parent, guardian or</s>] custodian of that child and subject to enabling [<s>regulations</s>] <u>rules</u> as the court finds necessary for the maintenance of order and decorum and for the furtherance of the purposes of the Children's Code.  A child

.225441.5

<div style="margin-left: 2em;">

1    who is the subject of an abuse and neglect proceeding and is

2    present at a hearing may object to the presence of the media.

3    The court may exclude the media if it finds that the presence

4    of the media is contrary to the best interests of the child.

5    <u>The judge shall submit a written order explaining the reasons</u>

6    <u>for excluding the media from a hearing.</u>

7        E. If the court finds that it is in the best

8    interest of a child under fourteen years of age, the child may

9    be excluded from a hearing under the Abuse and Neglect Act.  A

10   child fourteen years of age or older may be excluded from a

11   hearing only if the court makes a finding that there is a

12   compelling reason to exclude the child and states the factual

13   basis for the finding.

14       F. Those persons or parties granted admission to a

15   closed hearing who intentionally divulge information in

16   violation of this section are guilty of a petty misdemeanor.

17       G. The court shall determine if the allegations of

18   the petition are admitted or denied.  If the allegations are

19   denied, the court shall proceed to hear evidence on the

20   petition.  The court, after hearing all of the evidence bearing

21   on the allegations of neglect or abuse, shall make and record

22   its findings on whether the child is a neglected child, an

23   abused child or both.  If the petition alleges that the parent,

24   guardian or custodian has subjected the child to aggravated

25   circumstances, then the court shall also make and record its

</div>

underscored material = new
[bracketed material] = delete

.225441.5

- 3 -

HHHC/HB 10

findings on whether the aggravated circumstances have been proven.

H.  If the court finds on the basis of a valid admission of the allegations of the petition or on the basis of clear and convincing evidence, competent, material and relevant in nature, that the child is neglected or abused, the court shall enter an order finding that the child is neglected or abused and may proceed immediately or at a postponed hearing to make disposition of the case.  If the court does not find that the child is neglected or abused, the court shall dismiss the petition and may refer the family to the department for appropriate services.

I.  A party aggrieved by an order entered pursuant to Subsection D or H of this section may file an immediate appeal to the court of appeals.

J.  In that part of the hearings held under the Children's Code on dispositional issues, all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value even though not competent had it been offered during the part of the hearings on adjudicatory issues.

K.  On the court's motion or that of a party, the court may continue the hearing on the petition for a period not to exceed thirty days to receive reports and other evidence in

.225441.5

- 4 -

connection with disposition.  The court shall continue the hearing pending the receipt of the predisposition study and report if that document has not been prepared and received.  During any continuances under this subsection, the court shall make an appropriate order for legal custody."

SECTION 2.  Section 32A-4-33 NMSA 1978 (being Laws 1993, Chapter 77, Section 127, as amended) is amended to read:

"32A-4-33.  CONFIDENTIALITY--[RECORDS] INFORMATION--PENALTY.--

A.  As used in the Abuse and Neglect Act, "personal identifier information" means the person's:

(1)  name; and

(2)  contact information, including home or business address, email address or phone number.

B.  In investigations and proceedings alleging abuse or neglect, the department shall not disclose personal identifier information of the child or the child's parents except as follows:

(1)  in the case of the death or near death of a child;

(2)  in cases in which a child is missing or abducted or the child is or may be in danger of serious injury or death unless immediate action is taken or there are other exigent circumstances, the department shall release to law enforcement and the nationally recognized organization that

.225441.5

HHHC/HB 10

underscored material = new
[bracketed material] = delete

1 serves as the national clearinghouse and resource center for
2 information about missing and exploited children as much
3 personal identifier information as necessary to identify the
4 child, a possible abductor or a suspect in an abuse or neglect
5 case or to protect evidence of a crime against the child;
6                (3)  when the child or the child's parents have
7 been publicly identified by a person outside the department; or
8                (4)  to the persons enumerated in Subsection F
9 of this section.
10           C.  Department information obtained during the
11 course of an investigation into allegations of abuse or neglect
12 shall be maintained by the department as required by federal
13 law as a condition of the allocation of federal funds in New
14 Mexico.  The public release of department information shall be
15 construed as openly as possible under federal and state law.
16           D.  Information released by the department that has
17 not otherwise been publicly released by a person outside the
18 department shall be redacted as needed to safeguard personal
19 identifier information.  In a case in which a child or the
20 child's family has been publicly identified through press
21 reports, a lawsuit or other means, the department may respond
22 publicly with factual and complete information about the
23 actions the department has taken in the case.
24           [A.  All records or] E.  Redacted information
25 concerning a party to a neglect or abuse proceeding, including

.225441.5

- 6 -

1    social records; diagnostic evaluations; psychiatric or
2    psychological reports; videotapes, transcripts and audio
3    recordings of a child's statement of abuse; [or] and medical
4    reports incident to or obtained as a result of a neglect or
5    abuse proceeding or that were produced or obtained during an
6    investigation in anticipation of or incident to a neglect or
7    abuse proceeding [shall be confidential and closed to the
8    public] may be released by the department to a person who is
9    conducting bona fide research, the results of which should
10   provide the department information on child abuse and neglect
11   that would be useful to the department in developing policy and
12   practice.
13          [B.] F.  The [records] information described in
14   Subsection [A] E of this section shall be disclosed [only]
15   without redaction to the parties and:
16          (1)  court personnel and persons or entities
17   authorized by contract with the court to review, inspect or
18   otherwise have access to [records or] information in the
19   court's possession;
20          (2)  court-appointed special advocates
21   appointed to the neglect or abuse proceeding;
22          (3)  the child's guardian ad litem;
23          (4)  the attorney representing the child in an
24   abuse or neglect action, a delinquency action or any other
25   action under the Children's Code;

.225441.5

underscored material = new
[bracketed material] = delete

HHHC/HB 10

    (5) department personnel and persons or entities authorized by contract with the department to review, inspect or otherwise have access to [records or] information in the department's possession;

    (6) any local substitute care review board or any agency contracted to implement local substitute care review boards;

    (7) law enforcement officials, except when use immunity is granted pursuant to Section 32A-4-11 NMSA 1978;

    (8) district attorneys, except when use immunity is granted pursuant to Section 32A-4-11 NMSA 1978;

    (9) any state government or tribal government social services agency in any state or when, in the opinion of the department, it is in the best interest of the child, a governmental social services agency of another country;

    (10) a foster parent, if the records are those of a child currently placed with that foster parent or of a child being considered for placement with that foster parent and the records concern the social, medical, psychological or educational needs of the child;

    (11) school personnel involved with the child, but only if the [records concern] information concerns the child's social or educational needs;

    (12) a grandparent, parent of a sibling, relative or fictive kin, if the [records or] information

underscored material = new
[bracketed material] = delete

.225441.5

underscored material = new
[bracketed material] = delete

1 [pertain] pertains to a child being considered for placement

2 with that grandparent, parent of a sibling, relative or fictive

3 kin and the [records or] information [concern] concerns the

4 social, medical, psychological or educational needs of the

5 child;

6 (13) health care or mental health

7 professionals involved in the evaluation or treatment of the

8 child or of the child's parents, guardian, custodian or other

9 family members;

10 (14) protection and advocacy representatives

11 pursuant to the federal Developmental Disabilities Assistance

12 and Bill of Rights Act and the federal Protection and Advocacy

13 for Mentally Ill Individuals Amendments Act of 1991;

14 (15) children's safehouse organizations

15 conducting [investigatory] interviews of children on behalf of

16 a law enforcement agency or the department;

17 (16) representatives of the federal government

18 or their contractors authorized by federal statute or

19 regulation to review, inspect, audit or otherwise have access

20 to [records and] information pertaining to neglect or abuse

21 proceedings;

22 (17) [any] a person [or entity] attending a

23 meeting arranged by the department to discuss the safety, well-

24 being and permanency of a child, when the parent or child, or

25 parent or [legal] custodian on behalf of a child younger than

.225441.5

HHHC/HB 10

underscored material = new
[bracketed material] = delete

1   fourteen years of age, has consented to the disclosure; [and]

2                (18)  the office of the state medical

3   investigator; and

4                [(18)] (19)  any other person [or entity], by

5   order of the court, having a legitimate interest in the case or

6   the work of the court.

7           G.  A party to a court proceeding relating to a

8   department investigation into allegations of abuse or neglect

9   may comment publicly as long as the party does not disclose the

10  personal identifier information that is still confidential for

11  the child or the child's parents.

12           [G.] H.  A parent, guardian or [legal] custodian

13  whose child has been the subject of an investigation of abuse

14  or neglect where no petition has been filed shall have the

15  right to inspect any medical report, psychological evaluation,

16  law enforcement reports or other investigative or diagnostic

17  evaluation; provided that any identifying information related

18  to the reporting party or any other party providing information

19  shall be deleted or redacted.  The parent, guardian or [legal]

20  custodian shall also have the right to the results of the

21  investigation and the right to petition the court for full

22  access to all department [records and] information except

23  [those records and] that information the department finds would

24  be likely to endanger the life or safety of [any] a person

25  providing information to the department.

.225441.5

- 10 -

underscored material = new
[bracketed material] = delete

<u>I.  The department is not required by this section to disclose department information if, after consultation with the district attorney, the district attorney determines that disclosure would cause specific, material harm to a criminal investigation or prosecution.</u>

<u>J.  The department shall provide pertinent department information upon request to a prospective adoptive parent, foster parent or guardian if the information concerns a child for whom the prospective adoptive parent, foster parent or guardian seeks to adopt or provide care.</u>

<u>K.  A person may authorize the release of department information about that person but shall not waive the confidentiality of department information concerning any other person.</u>

<u>L.  The department shall provide a summary of the outcome of a department investigation to the person who reported the suspected child abuse or neglect in a timely manner, not later than twenty days after the deadline for closure of the investigation.</u>

[<s>D.</s>] <u>M.</u>  Whoever intentionally and unlawfully releases any information [<s>or records</s>] closed to the public pursuant to the Abuse and Neglect Act or releases or makes other unlawful use of [<s>records</s>] <u>information</u> in violation of that act is guilty of a petty misdemeanor and shall be sentenced pursuant to the provisions of Section 31-19-1 NMSA

.225441.5

- 11 -

HHHC/HB 10

1    1978.

2    [E.] N.  The department [shall] may promulgate rules

3    for implementing disclosure of [records] information pursuant

4    to this section and in compliance with state and federal law

5    and the Children's Court Rules.

6              O.  Nothing in this section or Section 32A-4-33.1

7    NMSA 1978 limits the right of a person to seek documents or

8    information through other provisions of law.

9              P.  Nothing in this section shall apply to the

10   Indian Family Protection Act, information or records concerning

11   Indian children or Indian parents, guardians or custodians, as

12   those terms are defined in the Indian Family Protection Act, or

13   investigations or proceedings pursuant to the Indian Family

14   Protection Act."

15        **SECTION 3.**  Section 32A-4-33.1 NMSA 1978 (being Laws 2009,

16   Chapter 239, Section 52) is amended to read:

17        "32A-4-33.1.  FATALITIES--NEAR FATALITIES--RECORDS RELEASE

18   [WHEN A CHILD DIES].--

19             A.  As used in this section, "near fatality" means

20   an act that, as certified by a physician, including the child's

21   treating physician, placed a child in serious or critical

22   medical condition.

23             [A.] B.  After learning that a child fatality or

24   near fatality has occurred and that there is reasonable

25   suspicion that the fatality or near fatality was caused by

.225441.5

- 12 -

underscored material = new
[bracketed material] = delete

underscored material = new
[bracketed material] = delete

1  abandonment, abuse or neglect, the department shall [upon
2  written request to the secretary of the department] release the
3  following information, if in the department's possession,
4  within five business days:
5  [(1)  the age and gender of the child;
6  (2)  the date of death;
7  (3)  whether the child was in foster care or in
8  the home of the child's parent or guardian at the time of
9  death; and
10  (4)  whether an investigation is being
11  conducted by the department.
12  B.  If an investigation is being conducted by the
13  department, then a request for further information beyond that
14  listed in Subsection A of this section shall be answered with a
15  statement that a report is under investigation.]
16  (1)  for a fatality:
17  (a)  the name, age and gender of the
18  child;
19  (b)  the date and location of the
20  fatality; and
21  (c)  the cause of death, if known;
22  (2)  for a near fatality:
23  (a)  the age and gender of the child; and
24  (b)  the type and extent of injuries;
25  (3)  for either a fatality or near fatality:

.225441.5

HHHC/HB 10

underscored material = new
[bracketed material] = delete

1  (a)  whether the child is currently or
2  has been in the custody of the department within the last five
3  years or the child's family is currently or has been served or
4  under investigation by the department within the last five
5  years;
6  (b)  whether the child lived with a
7  parent, guardian or custodian; was in foster care; was in a
8  residential facility or detention facility; was a runaway; or
9  had some other living arrangement;
10  (c)  whether an investigation is being
11  conducted by the department or by a law enforcement agency, if
12  known;
13  (d)  a detailed synopsis of prior reports
14  of abuse or neglect involving the child, siblings or other
15  children in the home, if applicable; and
16  (e)  actions taken by the department to
17  ensure the safety of siblings, if applicable; and
18  (4)  any other information that is publicly
19  known.
20  C.  Upon completion of a child abandonment, abuse or
21  neglect investigation into a [child's death] fatality or near
22  fatality, if it is determined that abandonment, abuse or
23  neglect caused the [child's death] fatality or near fatality,
24  the following documents shall be released upon request:
25  (1)  a summary of the department's

.225441.5

- 14 -

1 investigation;

2     (2)  a law enforcement investigation report, if
3 in the department's possession; and

4     (3)  [a medical examiner's] the medical
5 investigator's report in the case of a fatality, if in the
6 department's possession.

7   D.  Prior to releasing [any document pursuant to]
8 documents specified in Subsection C of this section, the
9 department shall consult with the district attorney and shall
10 redact:

11     (1)  information that [would], in the opinion
12 of the district attorney, [jeopardize a] would cause specific
13 material harm to the criminal investigation or [proceeding]
14 prosecution;

15     (2)  [identifying] personal identifier
16 information related to a reporting party or any other party
17 providing information; and

18     (3)  information that is privileged,
19 confidential or not subject to disclosure pursuant to [any]
20 Section 32A-4-33 NMSA 1978 or other state or federal law.

21   E.  [Once] If documents pursuant to this section
22 have been released by the department, the department may
23 comment on the case [within the scope of the release].

24   F.  Information released by the department
25 consistent with the requirements of this section does not

.225441.5

- 15 -

underscored material = new
[bracketed material] = delete

HHHC/HB 10

1 require prior notice to any [other individual] person.

2 G.  Nothing in this section shall be construed as
3 requiring the department to obtain documents not in the abuse
4 and neglect case file.

5 H.  A person disclosing abandonment, abuse [and] or
6 neglect case file information as required by this section shall
7 not be subject to suit in civil or criminal proceedings for
8 complying with the requirements of this section.

9 I.  The department shall continue to provide timely
10 allowable information to the public on the investigation into a
11 case of fatality or near fatality of a child, including a
12 summary report that shall include:

13 (1)  actions taken by the department in
14 response to the case, including changes in policies, practices,
15 procedures and processes that have been made to address issues
16 raised in the investigation of the case and any recommendations
17 for further changes in policies, practices, procedures,
18 processes and other rules or laws to address the issues; and

19 (2)  the information described in Subsection J
20 or K of this section.

21 J.  If the summary report involves a child who was
22 residing in the child's home, the report shall contain a
23 summary of all of the following:

24 (1)  whether services pursuant to the Abuse and
25 Neglect Act were being provided to the child, a member of the

underscored material = new
[bracketed material] = delete

.225441.5

1   child's household or a person who had been arrested for
2   abandonment, abuse or neglect of the child prior to the time of
3   the fatality or near fatality and the date of the last contact
4   between the person providing the services and the person
5   receiving the services prior to or at the time of the fatality
6   or near fatality;
7                (2)  whether the child, a member of the child's
8   household or the person who had been arrested for abandonment,
9   abuse or neglect of the child prior to the fatality or near
10  fatality was the subject of a current or previous department
11  report;
12               (3)  all involvement of the child's parents or
13  the person who had been arrested for abuse or neglect of the
14  child prior to the fatality or near fatality in a situation for
15  which a department report was made or services provided
16  pursuant to the Abuse and Neglect Act in the five years
17  preceding the incident that culminated in the fatality or near
18  fatality; and
19               (4)  any investigation pursuant to a department
20  report concerning the child, a member of the child's household
21  or the person who had been suspected or arrested of the
22  abandonment, abuse or neglect of the child or services provided
23  to the child or the child's household since the date of the
24  incident involving a fatality or a near fatality.
25          K.  If the summary report involves a child who was

underscored material = new
[bracketed material] = delete

.225441.5

- 17 -

in out-of-home placement, the summary report shall include:

        (1)  the name of the agency the licensee was licensed by; and

        (2)  the licensing history of the out-of-home placement, including the type of license held by the operator of the placement, the period for which the placement has been licensed and a summary of all violations by the licensee and any other actions by the licensee or an employee of the licensee that constitute a substantial failure to protect and promote the health, safety and welfare of a child.

    L.  Nothing in this section shall apply to the Indian Family Protection Act, information or records concerning Indian children or Indian parents, guardians or custodians, as those terms are defined in the Indian Family Protection Act, or investigations or proceedings pursuant to the Indian Family Protection Act."

    **SECTION 4.** A new section of the Abuse and Neglect Act is enacted to read:

"[NEW MATERIAL] CREATION AND MAINTENANCE OF DASHBOARD ON DEPARTMENT WEBSITE--ANNUAL REPORT.--

    A.  The department shall create and maintain a public, easily accessible and searchable dashboard on the department's website.  The confidentiality of personal identifier information shall be safeguarded consistent with federal and state law.  The dashboard shall be updated at least

.225441.5

1 quarterly and shall include the data to be reported to the
2 governor and the legislature.
3    B. By February 1 of each year, the department shall
4 submit a report to the governor and the legislature that
5 includes the following data for the prior twelve months ending
6 on December 31:
7     (1) the number of fatalities and near
8 fatalities of children in the custody of the department or as a
9 result of abandonment, abuse or neglect when in the custody of
10 a parent, guardian, custodian or other person;
11     (2) the number of children in department
12 custody and the average length of time in custody, including
13 the number of in-state and out-of-state placements in which
14 children are placed;
15     (3) the number of children in foster care and
16 the length of time in foster care or living with relatives or
17 fictive kin;
18     (4) the number of complaints received alleging
19 abandonment, abuse or neglect;
20     (5) the number of investigations that resulted
21 from the complaints, the number of complaints accepted for
22 investigation and not accepted for investigation and the
23 identified reasons in the aggregate for not investigating a
24 complaint;
25     (6) the number of children removed from the

underscored material = new
[bracketed material] = delete

.225441.5
- 19 -

HHHC/HB 10

1  custody of a parent, guardian, custodian or other person and
2  the reasons for removals;
3              (7)  the number of children returned to a
4  household from which they were removed;
5              (8)  the number of children placed in the
6  custody of the department who have run away while in custody;
7              (9)  the number of cases in which families
8  subject to court-ordered treatment plans or voluntary placement
9  agreements have absconded with children placed in the custody
10 of the department;
11             (10)  the number of adoptions and the number of
12 adoptions for which funding was terminated prior to the child
13 reaching the age of eighteen;
14             (11)  the number of children and cases
15 transferred to the jurisdiction of Indian nations, tribes and
16 pueblos pursuant to the Indian Family Protection Act; and
17             (12)  any other information the department
18 considers of interest to the public.
19        C.  Data shall be disaggregated by age, race,
20 ethnicity, gender, disability status and geographic location.
21        D.  The report shall be published on the
22 department's website."
23                          - 20 -

underscored material = new
[bracketed material] = delete

.225441.5