IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HAROLD ATENCIO,**

      **Plaintiff,**

v.                                                          Case No. 1:23-cv-00331-JFR-JMR

**SAM BREGMAN,**
      in his official capacity as
      the District Attorney of the
      Second Judicial District,

      **Defendant.**

## DECLARATION OF HAROLD ATENCIO IN SUPPRT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

I, Harold Atencio, am a person over the age of eighteen, and the named plaintiff in the above captioned matter. Under penalty of perjury, I hereby declare:

1. I am an attorney in good standing licensed to practice law in New Mexico.

2. I have been an attorney since 1988. I reside in Albuquerque, New Mexico. My practice is also located in Albuquerque, New Mexico.

3. In 1994, I began specializing in adoption law in private practice. As an adoption attorney, I represent and advocate for individuals, such as foster parents and grandparents, in various stages of adoption proceedings.

4. As part of my practice, I encounter children subject to abuse and neglect proceedings.

5. The Children's Code, NMSA 1978 Section 32A-4-1 *et. seq.*, governs child abuse and neglect matters.

6. Under the Children's Code, the child's health and safety is the paramount concern and family unity should be preserved when possible.

7. The New Mexico Children, Youth and Families Department ("CYFD") is responsible for investigating an alleged child neglect or abuse matter.

8. To that extent, CYFD employees routinely prepare reports that document their interactions and interviews with family members or caretakers involved with the child, family assessments, consideration for placement options for the child, and CYFD employee opinions. These confidential reports can also include video and audio recordings. Often, the confidential records and information also document CYFD employee decision making processes.

9. NMSA 1978, Section 32A-4-33 of the Abuse and Neglect Act (the "Confidentiality Statute") makes all records and information regarding a party to a neglect or abuse proceeding confidential. Section 32A-4-33(A) states:

> All records or information concerning a party to a neglect or abuse proceeding, including social records, diagnostic evaluations, psychiatric or psychological reports, videotapes, transcripts and audio recordings of a child's statement of abuse or medical reports incident to or obtained as a result of a neglect or abuse proceeding or that were produced or obtained during an investigation in anticipation of or incident to a neglect or abuse proceeding shall be confidential and closed to the public.

10. Due to the broad language of the Confidentiality Statute, I believe that it shields CYFD's record keeping, reports, and information gathering techniques from the public. The Confidentiality Statute also shields CYFD employees and contractors from public criticism and allegations regarding misconduct and ethics violations.

11. NMSA 1978, Section 32A-4-33(B) allows for certain individuals and entities to lawfully obtain and access the confidential records, such as a foster parent, grandparent, or another person who has a "legitimate interest" in the case.

12. Since 1994, I routinely come into lawful possession of confidential records and information in neglect or abuse proceedings because those proceedings often affect my clients in adoption proceedings. I obtain these confidential records and information pursuant to Section 32A-4-33(B) of the Confidentiality Statute.

13. NMSA 1978, Section 32A-4-33(D) ("Criminal Provision") of the Confidentiality Statute criminalizes the disclosure of any information or record closed to the public, even nonidentifying information. It states:

> Whoever intentionally and unlawfully releases any information or records closed to the public pursuant to the Abuse and Neglect Act or releases or makes other unlawful use of records in violation of that act is guilty of a petty misdemeanor and shall be sentenced pursuant to the provisions of Section 31-19-1 NMSA 1978.

14. A petty misdemeanor is punishable by a jail term of up to six months, and/or the payment of a fine up to five-hundred dollars.

15. As a matter of course since 1994, during representation of my clients in court, my clients and I have been warned by New Mexico state district court judges that violation of the Confidentiality Statute was a criminal offense.

16. Since 1994, due to the threat of prosecution and disciplinary action by the state bar, I have always self-censored my speech to comply with the Confidentiality Statute.

17. I recently represented a relative of an infant child who is subject to abuse and neglect proceedings in New Mexico. During the representation of my client, I learned of egregious ongoing misconduct by CYFD employees related to the infant's abuse and neglect proceeding. This misconduct includes violations of CYFD policies and procedures, possible corruption, and CYFD employee conduct that threatens the life and wellbeing of the infant.

18. The misconduct of CYFD employees is very troubling to me. I wish to make public the CYFD employee misconduct that affected the rights of my client and that endangered the infant subject to the abuse and neglect proceedings. I also believe it is my First Amendment right to speak publicly and engage in public discourse regarding the CYFD employee misconduct I have knowledge of through the confidential records.

19. I have been contacted by an investigative reporter in Bernalillo County. Both television journalists and print journalists have expressed interest in publishing the details of CYFD's violation of policy regarding the infant's placement and the qualifications, or lack thereof, of the infant's foster parent. I wish to quote, cite, and paraphrase confidential reports and information to lend credibility to my comments regarding CYFD employee misconduct. I do not seek to reveal identifying information of the infant, informants, or individuals involved with the abuse and neglect proceeding. I do wish to disclose information regarding placement of an infant (whose identity would not be disclosed), the qualifications and background of the infant's foster parent, and CYFD's misconduct that violates the provisions of NMSA 1978, Section 32A-4-18.

20. Based on the nature of my work, I anticipate that I will lawfully possess child abuse or neglect records and information prepared by CYFD employees or agents in the future. I also wish to speak out in the future to the press or media regarding CYFD employee and agent misconduct that I come across.

21. By speaking out, I hope to increase public awareness of CYFD employee and agent conduct and increase supervision and training within CYFD.

22. I believe that the Criminal Provision prohibits my public comment and critique of CYFD misconduct because public disclosure of any information deemed confidential is criminalized as a petty misdemeanor.

23. I believe that I will face a credible threat of prosecution under the Criminal Provision if I speak publicly with the investigative reporter regarding the CYFD misconduct.

24. Not only would I face criminal penalty, but I believe that I would also be subject to disciplinary proceedings by the New Mexico Disciplinary Board that could result in suspension of my license to practice law or disbarment.

25. As such, my speech has been and remains chilled.

Signed and sworn this day in Bernalillo County, New Mexico.

Date: 6/12/2023

*Harold Atencio*
—275D7D1B7553478...
Harold Atencio