## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**HAROLD ATENCIO,**

     Plaintiff,

**v.**                                                      **1:23-cv-00331-KWR-JMR**

**SAM BREGMAN, in his official capacity**
**as the District Attorney of the**
**Second Judicial District,**

     Defendant.

### DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

**COMES NOW**, Defendant Sam Bregman, in his official capacity as the District Attorney of the Second Judicial District (*hereinafter* "Defendant"), through his attorneys Robles, Rael & Anaya, P.C. (Taylor S. Rahn), and hereby states the following for his Answer to First Amended Complaint (*hereinafter* the "Complaint"):

### INTRODUCTION

1.     With respect to Paragraph 1 of Plaintiff's Complaint, Defendant affirmatively states this is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

2.     Paragraph 2 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

3.     Paragraph 3 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

4.      Paragraph 4 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

5.      Paragraph 5 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

6.      Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 6 of the Complaint, therefore denies these allegations.

7.      Paragraph 7 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

8.      Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 8 of the Complaint, therefore denies these allegations.

9.      Paragraph 9 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

**PARTIES**

10.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 10 of the Complaint, therefore denies these allegations.

11.     Paragraph 11 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

12.     Paragraph 12 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

13.     Paragraph 13 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

## JURISDICTION AND VENUE

14.     Paragraph 14 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

15.     Paragraph 15 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

16.     Paragraph 16 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

17.     Paragraph 17 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

## ALLEGATIONS

**A. The Challenged Statutory Scheme.**

18.     Paragraph 18 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

19.     Paragraph 19 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

20.     Paragraph 20 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

21.     Paragraph 21 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

22.     Paragraph 22 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

**B. The Challenged Statutory Scheme Criminalizes Disclosure of Government Misconduct.**

23.     Paragraph 23 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

24.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 24 of the Complaint, therefore denies these allegations.

25.     Paragraph 25 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

26.     Paragraph 26 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

27.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 27 of the Complaint, therefore denies these allegations.

**C. Plaintiff Is Unable to Call Attention to CYFD's Bad Actions.**

28.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 28 of the Complaint, therefore denies these allegations.

29.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 29 of the Complaint, therefore denies these allegations.

30.     Paragraph 30 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

31.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 31 of the Complaint, therefore denies these allegations.

32.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 32 of the Complaint, therefore denies these allegations.

33.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 33 of the Complaint, therefore denies these allegations.

34.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 34 of the Complaint, therefore denies these allegations.

35.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 35 of the Complaint, therefore denies these allegations.

36.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 36 of the Complaint, therefore denies these allegations.

37.     Paragraph 37 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

38.     Paragraph 38 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

39.     Paragraph 39 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

## CAUSE OF ACTION

**First Amendment Violation, Abridging Freedom of Speech pursuant to 42 U.S.C. § 1983**

**(Claim Against All Defendants)**

40.     Defendant realleges his previous and subsequent answers as his response to Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits the allegation.

42.     Defendant has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in Paragraph 42 of the Complaint, therefore denies these allegations.

43.     Paragraph 43 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

44.     Paragraph 44 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

45.     Paragraph 45 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

46.     Paragraph 46 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

47.     Paragraph 47 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegation.

48.     Defendant denies all allegations not specifically admitted above, including any claims in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff lacks standing to bring this lawsuit as his injury is too speculative.

### Second Affirmative Defense

Plaintiff has failed to allege a claim for which relief can be granted.

### Third Affirmative Defense

Plaintiff has failed to allege a violation of his clearly established rights, entitling Defendant to qualified immunity.

### Fourth Affirmative Defense

NMSA 1978, Section 32A-4-33 is constitutional.

### Fifth Affirmative Defense

Defendant reserves the right to add additional defenses based upon discovery.

## JURY DEMAND

Defendant demands a trial by jury for all claims which may be tried by a jury.

**WHEREFORE**, Defendant Sam Bregman, in his official capacity as the District Attorney of the Second Judicial District respectfully requests that the Court dismiss Plaintiff's Complaint against Defendant, award Defendant his attorney's costs and fees, and for all other relief the Court deems just and proper.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**


By:      /s/ Taylor S. Rahn          
         Taylor S. Rahn
         Attorney for Defendant
         500 Marquette Ave NW, Suite 700
         Albuquerque, NM 87102
         (505) 242-2228
         (505) 242-1106 (facsimile)
         taylor@roblesrael.com

I hereby certify that on this 20th day of June 2023, the foregoing was electronically served through the CM/ECF system to all counsel of record.


 /s/ Taylor S. Rahn         
Taylor S. Rahn