IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAROLD ATENCIO,

    Plaintiff,

v.                                      1:23-cv-00331-KWR-JMR

SAM BREGMAN, in his official capacity
as the District Attorney of the
Second Judicial District,

    Defendant.

**DEFENDANT SAM BREGMAN'S RESPONSE TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**COMES NOW**, Defendant Sam Bregman, in his official capacity as the District Attorney of the Second Judicial District (*hereinafter* "Defendant Bregman"), through his attorneys Robles, Rael & Anaya, P.C. (Taylor S. Rahn), and hereby states the following for his Response to Plaintiff's Motion for Preliminary Injunction (*hereinafter* the "Motion"):

**INTRODUCTION**

This case involves the constitutionality of NMSA 1978 § 32A-4-33 addressing the confidentiality of records relating to child abuse and neglect investigations conducted by the Children Youth and Families Department ("CYFD"). Defendant Bregman is the District Attorney for the Second Judicial District which covers Bernalillo County in New Mexico. Plaintiff is an attorney practicing across New Mexico who apparently wishes to criticize CYFD but fears he will be prosecuted for doing so. Defendant Bregman has not specifically threatened Plaintiff with prosecution, although Defendant Bregman is not at this time willing to issue an intent not to

enforce the statute in its entirety. For the reasons set forth below, a preliminary injunction is not appropriate.

## LEGAL STANDARD

Supreme Court has observed "that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865. A party seeking a preliminary injunction must show that four conditions are met: (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest." Am. C.L. Union v. Johnson, 194 F.3d 1149, 1155 (10th Cir. 1999).

## LEGAL ARGUMENT

### I. Plaintiff Lacks Standing

The parties agree that to establish Article III standing, a plaintiff must show: "(1) an injury in fact that is both concrete and particularized as well as actual or imminent; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision." Protocols, LLC v. Leavitt, 549 F.3d 1294, 1298 (10th Cir. 2008). The parties further agree there is a relationship between Defendant Bregman's ability to enforce Section 32A-4-33. Thus, the section element is met.

However, Defendant Bregman disputes the third element, the likelihood that the injury would be redressed by a favorable decision, cannot be meaningfully questioned. Plaintiff is an attorney who practices across the state in various courts and counties. See Case List, attached as

*Exhibit A*; see also court code list, attached as *Exhibit B*. Plaintiff has several pending cases involving minors in districts other than Bernalillo County. See Exhibit A, pp. 6-7. Further, Plaintiff claims he is in fear of professional censure if he violates the statute. See Motion **(Doc. No. 12)**, p. 8.[1] An injunction against Defendant Bregman does not preclude the other sources of restraint on Plaintiff's speech. Thus, this element is not met.

Turning to the injury in fact requirement, Plaintiff is correct that he must meet the test set forth in Initiative & Referendum Inst. v. Walker, 450 F.3d 1082, 1089 (10th Cir. 2006) which requires plaintiffs in chilled speech cases to demonstrate: (1) evidence that in the past they have engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire, though no specific plans, to engage in such speech; and (3) a plausible claim that they presently have no intention to do so because of a credible threat that the statute will be enforced.

Defendant Bregman notes Plaintiff admits he has never engaged in the past speech for fear of prosecution and/or discipline, however, Plaintiff correctly notes this element is not always required. See Rio Grande Found. v. Oliver, 57 F.4th 1147, 1161 (10th Cir. 2023). Defendant Bregman also concedes Plaintiff has indicated a desire to share information derived from CYFD investigations that appear to be within the scope of Section 32A-4-33. Thus, like Plaintiff, Defendant Bregman focuses on whether there is a credible threat of prosecution. There are "at least

---

[1] Plaintiff does not elaborate on his concern regarding discipline by the State Bar. However, much of the information Plaintiff wishes to discuss appears to be information derived from review in his role as counsel. Disclosure of this information would then be governed by Rule 16-106(A) prohibiting disclosure of "information relating to the representation of a client unless the client gives informed consent." Of course, an injunction prohibiting enforcement of Section 32A-4-33 would not relieve Plaintiff from the Rules of Professional Conduct.

three factors to be used in determining a credible fear of prosecution: (1) whether the plaintiff showed 'past enforcement against the same conduct'; (2) whether authority to initiate charges was 'not limited to a prosecutor or an agency' and, instead, 'any person' could file a complaint against the plaintiffs; and (3) whether the state disavowed future enforcement." Peck v. McCann, 43 F.4th 1116, 1132 (10th Cir. 2022).

Unlike the plaintiff in Peck, who was the subject of a court order regarding unauthorized disclosure, Plaintiff generally alleges he has been warned by judges previously. Notably, Plaintiff does not identify any of these judges, even by court. Further, Plaintiff concedes he has never been charged. Thus, this factor weighs against Plaintiff.

The second factor likewise weighs against Plaintiff as enforcement is limited to prosecutors. See Peck, 43 F.4th at 1132 (concluding second factor weighed against plaintiff where only "prosecutors c[ould] bring charges" under a statute).

At this time, Defendant Bregman is not prepared to disavow any future enforcement of the statute. Thus, two out of three of the factors weigh against Plaintiff. Based upon this balance, the Court should find Plaintiff lacks standing.

## II.  Plaintiff is not Entitled to a Preliminary Injunction

### A. *Plaintiff has not Shown Irreparable Harm.*

Plaintiff argues he faces irreparable harm without a preliminary injunction because he is subject to prosecution if he proceeds with his planned conduct of commenting on CYFD's actions. This argument is flawed for several reasons. First, Plaintiff claims that he must choose between prosecution or refraining from his protected speech. These are not Plaintiff's only options. NMSA 1978 Section 32A-4-33(B)(18) allows for disclosure of confidential information pursuant to a

court order. Plaintiff has not alleged he has attempted to comply with this provision of the statute and has been rebuffed nor articulated any other reason why this avenue is not available to him.

Additionally, as noted above Plaintiff's claimed irreparable harm is not specific to Defendant Bregman. For example, Plaintiff has cases in many courts outside of Defendant Bregman's jurisdiction. See *Exhibit A*; see also *Exhibit B*. Plaintiff has identified no specific reason to fear prosecution in Bernalillo County, but not other jurisdictions. Plaintiff previously named the Attorney General in this lawsuit, who of course has jurisdiction across the State. However, Plaintiff has dismissed the Attorney General. See Corrected Notice of Partial Dismissal **(Doc. No. 9)**, filed on June 2, 2023. Moreover, Plaintiff cites a fear of discipline from the New Mexico Bar Association as a part of chilling his speech. However, Defendant Bregman has no role in administering discipline on behalf of the State Bar. In short, Plaintiff's irreparable harm argument is undermined by the fact that he has focused exclusively on the Second Judicial District while many other sources of prosecution/discipline continue to exist.

### B. *Plaintiff has not Demonstrated a Substantial Likelihood of Success of the Merits.*

Plaintiff relies heavily on Peck for his argument that his claim is likely to succeed on the merits. The instant case differs from Peak in that Plaintiff brings an overbreadth claim. See First Amended Complaint **(Doc. No. 6)**, ¶ 47 ("[the statute] is overbroad, vague, and violates the rights of Plaintiff and other would-be speakers who would disclose official misconduct by CYFD and its Contractors[.]" with Peck, 43 F.4th at 1125, fn 5 ("Ms. Peck has not asserted on appeal that Section 307 is unconstitutionally vague or overbroad, so we confine our analysis to ascertaining what the statute actually prohibits and whether those prohibitions burden Ms. Peck's desired speech.").

5

The United States Supreme Court has recently commented on the elements of an overbreadth claim in United States v. Hansen, No. 22-179, 2023 WL 4138994 (U.S. June 23, 2023). The United States Supreme Court remarked generally:

> An overbreadth challenge is unusual. For one thing, litigants typically lack standing to assert the constitutional rights of third parties. []). For another, litigants mounting a facial challenge to a statute normally "must establish that no set of circumstances exists under which the [statute] would be valid." [] Breaking from both of these rules, the overbreadth doctrine instructs a court to hold a statute facially unconstitutional even though it has lawful applications, and even at the behest of someone to whom the statute can be lawfully applied.

Id., *5 (citation omitted).

"We have justified this doctrine on the ground that it provides breathing room for free expression." Id. Overbroad laws "may deter or 'chill' constitutionally protected speech," and if would-be speakers remain silent, society will lose their contributions to the "marketplace of ideas." Virginia v. Hicks, 539 U.S. 113, 119 (2003). To guard against those harms, the overbreadth doctrine allows a litigant (even an undeserving one) to vindicate the rights of the silenced, as well as society's broader interest in hearing them speak. Hansen, *5 (citation omitted). If the challenger demonstrates that the statute "prohibits a substantial amount of protected speech" relative to its "plainly legitimate sweep," then society's interest in free expression outweighs its interest in the statute's lawful applications, and a court will hold the law facially invalid. Id., (citation omitted). Because it destroys some good along with the bad, "[i]nvalidation for overbreadth is '"strong medicine"' that is not to be 'casually employed.'" Los Angeles Police Dept. v. United Reporting Publishing Corp., 528 U. S. 32, 39 (1999) (quotations in original) (citations omitted). To justify facial invalidation, a law's unconstitutional applications must be realistic, not fanciful, and their

number must be substantially disproportionate to the statute's lawful sweep. Hansen, *5 (citation omitted).

Here, Plaintiff concedes he is unaware of *any* prosecution for violation of the statute. See Motion **(Doc. No. 12)**, p. 10; see also Hansen, *10-11 (noting the plaintiff was unable to cite any evidence of a prosecution for protected conduct). On the other hand, New Mexico's Constitution guarantees victims "the right to be treated with fairness and respect for the victim's dignity and privacy throughout the criminal justice process." N.M. Const. art. II, § 24. New Mexico law also protects the identity of individuals under the age of 18. See NMSA 1978 §32A–1–4(B). Federal law likewise acknowledges the importance of confidentiality of such investigations. See 42 U.S.C. 5106a(b)(2)(B)(viii). Thus, Section 32A-4-33(D) guards against unprotected disclosures of confidential information.[2]

Accordingly, Plaintiff has not shown he will be able to support an overbreadth challenge to Section 32A-4-33(D) and cannot meet the likelihood of success on the merits factor.

### C. The threatened injury to Plaintiff does not outweigh the harm the proposed injunction will cause Defendant Bregman.

As discussed above, Plaintiff has provided no evidence that he is especially susceptible to prosecution by Defendant Bregman. Further, Plaintiff has indicated his speech is chilled by the threat of disciplinary proceedings, which are outside Defendant Bregman's control. Thus, the injunction does not address Plaintiff's threatened injury. Accordingly, any restriction on Defendant Bregman's ability to enforce duly enacted law outweighs the potential harm to Plaintiff as an

---

[2] "[I]t has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 502, 69 S.Ct. 684, 93 L.Ed. 834 (1949).

injunction will not protect Plaintiff from the injury he himself has identified. Thus, this factor is not met.

### D. *The injunction is not in the Public's Interest.*

The New Mexico Constitution recognizes the rights of victims in abuse cases such as those Plaintiff wishes to discuss. The public has a protected interest in confidentiality of these investigations. Instead of focusing on the rights protected by the statute, Plaintiff claims it is in the public interest to criticize the government. While Plaintiff argues one of the impacts of the statute is a prohibition on criticizing the actions of the government, it is not the only impact of the statute and a temporary prohibition on enforcement of the statute will expose those individuals whom even Plaintiff agrees the statute protects. See Motion **(Doc. No. 12)**, p. 13 (acknowledging New Mexico's compelling interest in protecting identifying information of children, family members, and informants in child abuse and neglect cases."). Further, Plaintiff has not attempted to achieve a court order allowing disclosure. Thus, this factor is not met.

### CONCLUSION

Plaintiff is not entitled to a preliminary injunction. As an initial matter, the factors weigh against a finding of a credible threat of prosecution necessary for standing. Additionally, Plaintiff cannot satisfy the elements necessary to support the drastic remedy of a preliminary injunction. Plaintiff has not demonstrated irreparable harm, a likelihood of success on the merits, that the weighing of burdens is in Plaintiff's favor, or that the injunction supports the public's interests.

**WHEREFORE**, Defendant Sam Bregman, in his official capacity as the District Attorney of the Second Judicial District, respectfully requests that the Court deny Plaintiff's Motion for

Preliminary Injunction, award Defendant his attorney's costs and fees, and for all other relief the Court deems just and proper.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**

By: /s/ Taylor S. Rahn
Taylor S. Rahn
Attorney for Defendant
500 Marquette Ave NW, Suite 700
Albuquerque, NM 87102
(505) 242-2228
(505) 242-1106 (facsimile)
taylor@roblesrael.com

I hereby certify that on this 26th day of June 2023, the foregoing was electronically served through the CM/ECF system to all counsel of record.

/s/ Taylor S. Rahn
Taylor S. Rahn

9