## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**HAROLD ATENCIO,**

       **Plaintiff,**

    **v.**                         **Case No. 1:23-cv-00331-KWR-JMR**

**SAM BREGMAN,**

       **in his official capacity as**
       **the District Attorney of the**
       **Second Judicial District,**

       **Defendant.**

## PLAINTIFF'S REPLY TO DEFENDANT SAM BREGMAN'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUCTION

Harold Atencio ("Atencio" or "Plaintiff"), through undersigned counsel, files this reply in response to "Defendant Sam Bregman's Response to Plaintiff's Motion for Preliminary Injunction" ("Defendant's Response") ("Doc 20").

## ARGUMENT

**I.**    **Defendant's Arguments Regarding Plaintiff's Standing Fail. (Reply to Defendant's Response I) (Doc. 20 at 2-5).**

Defendant disputes two elements of standing: that Atencio suffered an injury in fact; and that the injury will be redressed by a favorable decision. (Doc. 20 at 2).

### A. Atencio has established an injury in fact, satisfying the first element of standing.

Defendant's Response contests the final *Walker* factor—i.e., whether Atencio has established that because of the threat of prosecution, he presently has no intention to engage in his desired speech. (Doc. 20 at 3). Defendant agrees that *Peck* outlines the appropriate criteria to establish a credible fear of prosecution. (Doc. 20 at 3-4). He postulates that the first two *Peck* factors, past enforcement and authority to initiate charges, weighs in his favor and summarily

1

concludes that Atencio lacks standing. (Doc. 20 at 4). Defendant's analysis is flawed because his balancing of the factors is too simplistic—the *Peck* factors are not given equal weight. *Cf. Chiles v. Salazar*, No. 122CV02287CNSSTV, 2022 WL 17770837, at *4 (D. Colo. Dec. 19, 2022) ("No one 'credible threat' factor is dispositive.").

        **1.  Defendant refuses to disavow the Criminal Provision of the Confidentiality Statute, a factor which weighs heavily in Atencio's favor.**

Defendant refuses to disavow enforcement of the Criminal Provision. (Doc. 20 at 4) ("At this time, Defendant Bregman is not prepared to disavow any future enforcement of the statute."). His refusal to renounce the Criminal Provision undermines his argument that Atencio has not established a credible threat of prosecution. *Lawson v. Hill*, 368 F.3d 955, 959 (7th Cir. 2004) ("disavowals are important … in cases in which, without a disavowal, the plaintiff seeking to enjoin enforcement would have a reasonable basis for concern that he might be prosecuted.") cited by *Winness v. Yocom*, 433 F.3d 727, 733 (10th Cir. 2006).

Indeed, in *Peck*, the Court gave the state's refusal to disavow prosecution "heavy weight" because "[t]here is nothing … to prevent [the defendant] or another prosecutor from bringing charges against [the plaintiff] for similar statements in the future." 43 F.4th at 1133. In turn, the possibility of prosecution made the "fear of consequences for disclosures of information in violation of [the Colorado statute] objectively justifiable." *Id*. Applying *Peck's* reasoning here leads to the same conclusion: should Atencio reveal information within the Confidentiality Statute's reach to an investigative reporter, nothing prevents Defendant or his agents from prosecuting Atencio under the Criminal Provision.

        **2.  Defendant's past prosecution argument lacks merit.**

The lack of past prosecutions under the Criminal Provision is similarly unhelpful to Defendant. The Criminal Provision is not dead letter: Atencio has been warned numerous times

by state district court judges that failure to comply with the Confidentiality Statute was a criminal offense. (Doc. 12-6, ¶15). Those warnings, coupled with Defendant's refusal to disavow the Criminal Provision, puts Atencio on notice that violation of the Confidentiality Provision may lead to criminal prosecution.

Defendant's only response on this issue is to point out that Atencio's declaration "does not identify any of these judges [who issued the warnings], even by court." (Doc. 20 at 4). But Defendant's gripe is wholly unsupported by legal authority. Defendant fails to cite—and Plaintiff cannot find—any cases requiring the level of detail Defendant demands. Moreover, to the extent Defendant wishes to challenge Plaintiff's credibility, that challenge is best made during cross examination at the injunction hearing.

### 3.  Defendant's interpretation of *Peck's* test is overly restrictive.

Finally, it bears emphasis: "Circuit and Supreme Court precedent tells us that [the 'credible threat' prong] is not supposed to be a difficult bar for plaintiffs to clear in the First Amendment pre-enforcement context." *Peck*, 43 F.4th at 1133. No cases require all three *Peck* factors to be satisfied. Indeed, even satisfying one can be sufficient.

In *Chiles*, 2022 WL 17770837, at *4, the district court analyzed whether a plaintiff raising a credible threat under the First Amendment satisfied the factors articulated in *Peck*. The district court found that the plaintiff failed to show past enforcement against the same conduct, and that the authority to initiate charges was limited to a prosecutor or an agency. *Id.* However, the defendant's failure to disavow the law at issue was given "heavy weight" because nothing would prevent the defendant from charging the plaintiff in the future. *Id*. Ultimately, the court determined that despite only the third factor weighing in favor of the plaintiff, the plaintiff nonetheless met her burden in establishing a credible threat that the statute would be enforced. *Id*.

A First Amendment plaintiff faces an "extremely low" evidentiary bar when establishing a credible threat of prosecution. *Mangual v. Rotger-Sabat*, 317 F.3d 45, 57 (1st Cir. 2003) (cited by *Peck*, 43 F.4th at 1133). Given the "extremely low" bar when establishing a credible threat of prosecution and Defendant's refusal to disavow the Criminal Provision of the Confidentiality Statute, Atencio's fear of prosecution is credible—the Criminal Provision has already stifled his speech, and Atencio's speech will continue to be chilled so long as the Criminal Provision is in effect. Thus, Atencio has established that he presently has no intention to engage in his desired speech because of a credible threat that the Criminal Provision will be enforced.

**B. Defendant has authority to prosecute Atencio for exercising his right to engage in protected speech, and a preliminary injunction would redress Atencio's harm.**

Defendant argues that Atencio has not established redressability, the third element of standing, which requires "that a favorable judgment would meaningfully redress the alleged injury." *Walker*, 450 F.3d at 1098. Defendant speculates that because Atencio represents clients in cases in various counties in New Mexico, Atencio may still be subject to prosecution under the Criminal Provision by prosecutors other than Defendant and his agents. (Doc. 20 at 2-3, 5).

But the purpose of the instant preliminary injunction is to provide targeted and immediate relief to Atencio, not to eliminate all hypothetical risks of prosecution. Defendant is the chief law enforcement officer in Bernalillo County, where Atencio resides and wishes to speak. There is nothing in the record suggesting that Atencio wishes to speak anywhere else.

Defendant's approach would require parties to seek injunctions that guard against hypothetical risks, which runs counter to settled law. To illustrate the problem with Defendant's argument, consider *Yocom*, where a plaintiff sought declaratory judgment and an injunction prohibiting future enforcement of a Utah flag-abuse statute. 433 F.3d at 729. In support, the plaintiff argued that despite the prosecutor's disavowal of a flag abuse statute, his risk of

4

prosecution was not "reduced to zero" because, for example, he could be arrested in another part of the state or because the defendant's successor could repudiate the disavowal. *Id.* at 727. In analyzing whether a credible threat existed, the Tenth Circuit stated that:

> [I]t is not necessary for defendants in such cases to refute and eliminate all possible risk that the statute might be enforced. It is the plaintiff's burden to demonstrate an actual or imminent, not conjectural or hypothetical threat that the statute will be enforced against him, such that he suffers a constitutionally cognizable injury from the ensuing chilling effect on his conduct.

*Id.* at 733 (quotations omitted). Although it is hypothetically possible that Atencio may wish to speak somewhere outside Defendant's jurisdiction, a plaintiff need only show a "*likelihood* that the injury would be redressed by a favorable decision." *Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1298 (10th Cir. 2008) (emphasis added). Atencio has done that here by stating he wishes to speak in Bernalillo County, a jurisdiction where he runs an actual—as opposed to hypothetical or conjectural—risk of prosecution.

Defendant's claim that Atencio "has identified no specific reason to fear prosecution in Bernalillo County, but not other jurisdictions" is without merit (Doc. 20 at 5). The Motion for Preliminary Injunction discussed several facts giving rise to Atencio's claim of chilled speech in Bernalillo County—Atencio lives and works in Bernalillo County and has a present desire to give press interviews in Bernalillo County regarding egregious CYFD misconduct he learned from lawfully obtained documents under the Confidentiality Statute. (Doc. 12 at 3). Defendant admits that as District Attorney for the Second Judicial District, he is the chief law enforcement officer of Bernalillo County and is charged with prosecuting and enforcing the criminal laws of the State of New Mexico. (Doc. 6 at ¶12, Doc. 16 at ¶12). Indeed, Defendant does not contest the second element of standing—that a causal relationship exists between his ability to enforce the Criminal Provision and Atencio's injury. (Doc. 20 at 2). Thus, as the chief law enforcement officer in

Bernalillo County, Defendant enforces criminal laws of the State of New Mexico. (Doc. 6 ¶12, Doc. 16 ¶12). Injunctive relief remedies Atencio's fear that he may be subject to prosecution by Defendant for exercising his First Amendment right to free speech in Bernalillo County. As such, Atencio has established redressability.

## II.   Plaintiff Put Forward A Prima Facie Case For A Preliminary Injunction, And Defendant's Response Failed To Rebut Any Element.

### A.   Defendant fails to establish that the Criminal Provision is narrowly tailored. (Reply to Defendant's Response II.B) (Doc. 20 at 5-7).

The crux of Atencio's argument supporting a preliminary injunction is that he is likely to succeed on the merits because the Criminal Provision violates the First Amendment, a proposition supported by *Peck*. Thus, the Criminal Provision is subject to strict scrutiny, placing the burden on Defendant to prove that the Criminal Provision serves a compelling interest, an element not contested by Plaintiff, *and* that the Criminal provision is narrowly tailored to achieve that interest. (Doc. 12 at 13-15).

Instead of embracing and attempting to meet that burden, Defendant tries to sidestep the applicability of *Peck*. He argues that the Criminal Provision "guards against unprotected disclosures of confidential information[,]" an argument that suggests that the Criminal Provision is narrowly tailored to support the State's compelling interest.  (Doc. 20 at 5-6). In support of his argument, he cites three sources of law: (1) New Mexico Constitution Article II, Section 24; (2) NMSA 1978, Section 32A-1-4(B); and (3) and 42 U.S.C. 5106a(b)(2)(B)(viii). (Doc. 20 at 7). But the laws Defendant discusses do not authorize the Criminal Provision. And even if they did, the Criminal Provision would still be unconstitutional.

Article II, Section 24 of the New Mexico Constitution articulates rights afforded to victims of certain crimes codified in New Mexico's criminal code, including crimes such as criminal sexual contact of a minor and abandonment or abuse of a child. It requires, in part, that victims

have the "right to be treated with fairness and respect for the victim's dignity and privacy throughout the criminal justice process[.]" N.M. Const. art. II, § 24. It is distinct from the Abuse and Neglect Act, of which the Confidentiality Statute is a part. It does not appear that children subject to proceedings under the Abuse and Neglect Act are always victims of crimes to which the constitutional provision applies. Indeed, Article II, Section 24 of the New Mexico Constitution fails to address the scope of confidential information or reference the Confidentiality Statute. Moreover, to the extent Defendant is claiming that the *state* constitution authorizes New Mexico to violate the *federal* constitution, that argument is a nonstarter. *See, e.g., Arthur v. Dunn*, 197 L. Ed. 2d 225, 137 S. Ct. 725, 729 (2017) ("The Constitution is the 'supreme law of the land'— irrespective of contrary state laws" (citing *Marbury v. Madison*, 5 U.S. 137, 177 (1803)).

For the same reasons, Defendant's use of NMSA 1978, Section 32A-1-4(B) is unhelpful. That statute merely defines the term "adult" in the Children's Code. It also does not bear on interpretation of the Confidentiality Statute's Criminal Provision and does not trump the First Amendment.

Defendant's use of 42 U.S.C. Section 5106a (b)(2)(B)(viii), a section of CAPTA, also does not support his position. 42 U.S.C. Section 5106a (b)(2)(B)(viii) requires an assurance from the Governor that a grant recipient state:

> [H]as in effect and is enforcing a State law, or has in effect and is operating a statewide program, relating to child abuse and neglect that includes… *methods to preserve the confidentiality of all records in order to protect the rights of the child and of the child's parents or guardians*, including requirements ensuring that reports and records made and maintained pursuant to the purposes of this subchapter and subchapter III shall only be made available to [an enumerated set of individuals or entities].

(Emphasis added). This provision requires the implementation of methodologies to maintain the confidentiality of records, it does not mandate or necessitate criminal penalty for the disclosure of such information. In fact, in *Peck*, the defendants argued that the Colorado Statute was narrowly

tailored by "emphasiz[ing] [its] relationship with CAPTA … for Colorado to receive federal funds for its child protection system." In response, the Court stated that the defendants' argument "does not resolve the question of whether [the Colorado Statute] is narrowly tailored, either. It is no excuse for a state that is violating the constitutional rights of its citizens to say 'the federal government is paying us to do it.'" *Peck*, 43 F.4th at 1137. Thus, even if CAPTA applied in the instant case, Defendant's argument that CAPTA guards against unprotected disclosures of confidential information fails under *Peck*.

Nothing Defendant cites suggests that the Confidentiality Statute is narrowly tailored to preserve New Mexico's compelling interest in protecting child abuse information. But a narrowed statute, one that allowed disclosure of anonymized information in child abuse and neglect cases, would be a less restrictive method to achieve that interest. *Peck* agreed: the "touchstone" consideration is whether "no alternative exists that is both 'less restrictive' than the existing law and would effectively achieve the state's compelling interest." *Peck*, 43 F.4th at 1135.

**B.     Defendant fails to address irreparable harm based on a loss of Atencio's First Amendment right. (Reply to Defendant's Response II.A) (Doc. 20 at 4-5).**

In his Motion for Preliminary Injunction, Atencio demonstrated irreparable harm in the form of an abridgment of his First Amendment rights.  (Doc. 12 at 15). Defendant does not attempt to dispute or counter that Atencio's loss of his First Amendment freedoms unquestionably constitutes irreparable injury. Instead, he suggests that Atencio may disclose information under the Confidentiality Statute, and that Atencio may be subject to prosecution by prosecutors located across the state. (Doc. 20 at 4-5).

First, Defendant argues that under NMSA 1978, Section 32A-4-33(B)(18) Atencio has an avenue for disclosure of information under the Confidentiality Statute to the press. (Doc. 20 at 4-5). Defendant does not point to any case law in support of his position. Instead, he selectively

quotes from Section 32A-4-33(B)(18), a provision of the Confidentiality Statute that allows for disclosure of confidential records to "any other person or entity, by *order of the court, having a legitimate interest* in the case or the work of the court." (Emphasis added). Defendant wholly fails to address the "legitimate interest" requirement, a term that is not defined within the Confidentiality Statute. The limited case law that examines this provision does so within the framework of criminal law. In that context, it has been held that a criminal defendant has a "legitimate interest" for production of CYFD records deemed confidential under the Confidentiality Statute when those records were material to the defense and the crimes alleged. *State v. Garcia*, No. A-1-CA-35179, 2019 WL 2419013, at *1 (N.M. Ct. App. May 22, 2019) (also referencing its prior discussion of a "legitimate interest" in the defendant's pretrial appeal in *State v. Garcia*, 2013-NMCA-064, 302 P.3d 111). Thus, restricted disclosure was allowed under the Confidentiality Statute when the disclosure was directly related to the defendant's defense or the criminal charges.

Atencio is injured because the Confidentiality Statute's Criminal Provision chills his speech. Section 32A-4-33(B)(18) requires a "legitimate interest in the case or the work of the court," not a public interest in the content of CYFD records depicting CYFD employee misconduct or malfeasance. Defendant's suggestion that Section 32A-4-33(B)(18) might permit public commentary, such as disclosing the facts and circumstances of CYFD's misconduct to the press, is not supported by the statutory text.

Finally, Defendant's suggestion that disciplinary action by the New Mexico Disciplinary Board also serves to restrain Atencio's speech is misguided. Atencio's fear of disciplinary proceedings stems from the possibility that he will be charged and convicted for a violation of the

Criminal Provision. *See e.g. Matter of Lopez*, 1994-NMSC-003, ¶ 1, 116 N.M. 699, 866 P.2d 1166 (finding that disbarment was appropriate on the basis of the attorney's criminal conviction).

In total, Defendant's arguments divert attention from the fundamental basis of Atencio's irreparable harm and should be rejected.

### C.  Defendant fails to address how enforcement of an unconstitutional statute outweighs Atencio's injury. (Reply to II.C) (Doc. 20 at 7-8).

Defendant argues, again, that Atencio may be subject to prosecution by prosecutors outside Bernalillo County or action by the Disciplinary Board, so Defendant's ability to enforce the Confidentiality Statute does not outweigh Atencio's injury. (Doc. 20 at 7). The issue is not Atencio's susceptibility to prosecution, but rather how Atencio's right to engage in constitutionally protected speech outweighs whatever effect the preliminary injunction may have on Defendant's ability to enforce an unconstitutional statute.

Defendant's argument that any restriction on his ability to enforce the Criminal Provision outweighs Atencio's harm is without merit. Defendant fails to allege any harm by being barred from enforcing an unconstitutional statute against Atencio for engaging in constitutionally protected speech. Hence, the balance of equities tips in favor of Atencio.

### D.  Defendant fails to address how enforcement of an unconstitutional statute is not in the public's interest. (Reply to II.D) (Doc. 20 at 8).

Defendant argues a preliminary injunction is not in the public's interest. (Doc. 20 at 8). His position contravenes well-established case law. The Tenth Circuit has unequivocally held that "[v]indicating First Amendment freedoms is clearly in the public interest." *Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1237 (10th Cir. 2005*); Elam Const., Inc. v. Reg'l Transp. Dist.*, 129 F.3d 1343, 1347 (10th Cir. 1997) ("The public interest also favors plaintiffs' assertion of their First Amendment rights.").

Defendant argues that the public has a "protected interest in confidentiality" of abuse cases rooted in the New Mexico Constitution, which encompasses the types of cases in which Atencio wishes to reveal information. (Doc. 20 pg. 8). But the only New Mexico constitutional provision cited by Defendant does not reference confidentiality in abuse and neglect cases. *Supra* Argument.II.D. There is also no evidence to suggest that Atencio seeks to reveal information regarding crime victims. To the contrary, Atencio seeks to discuss nonidentifying information regarding CYFD misconduct occurring in an abuse and neglect case. (Doc. 12-6 at ¶¶ 17-18).

Defendant also summarily declares that because Atencio has not sought a court order to allow disclosure in his case, a preliminary injunction is not in the public's interest. (Doc. 20 at 8). Defendant does not explain the connection between seeking a court order to allow for disclosure in a case, an argument that is meritless, *supra* Argument.II.B, with whether a preliminary injunction is in the public's interest.  His argument should be disregarded.

Finally, Defendant posits that if a preliminary injunction is granted, unrestricted disclosure of all information in abuse and neglect cases would be permissible. (Doc. 20 at 8). Defendant's argument fails to account for the precedent in the Tenth Circuit that "as to whether the preliminary injunction is in the public interest, we agree … that it is *always* in the public interest to prevent the violation of a party's constitutional rights." *Verlo v. Martinez*, 820 F.3d 1113, 1127 (10th Cir. 2016) (citation and quotation marks omitted) (emphasis added). And here, the public interest is served by the issuance of a preliminary injunction which prevents the continued violation of Atencio's First Amendment rights. The harm to Atencio, in the form of abridgment of the right to engage in protected speech, is in the public interest.

**CONCLUSION**

Based on the foregoing, Defendant's arguments fail. Plaintiff respectfully requests that this Court grant his Motion for a Preliminary Injunction.

Respectfully submitted,

**GUBERNICK LAW P.L.L.C.**

Date: July 10, 2023                          By:_____
Benjamin Gubernick (SBN 145006)
ben@gubernicklaw.com
Sri Mullis (SBN 141551)
sri@gubernicklaw.com
10720 W. Indian School Rd.,
Suite 19, PMB 12
Phoenix, AZ 85037
623-252-6961

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that a true and correct copy of the foregoing reply was served via the CM/ECF system on July 10, 2023, to the attorneys of record for all parties in this matter.

By: /s/ Benjamin Gubernick
Benjamin Gubernick