IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAROLD ATENCIO,

      Plaintiff,

v.                                        No. 1:23-cv-00331-JFR-JMR

SAM BREGMAN, in his official capacity
as the District Attorney of the Second
Judicial District,

      Defendant.

### NOTICE OF STATE OF NEW MEXICO AND NEW MEXICO ATTORNEY GENERAL'S POSITION ON CONSTITUTIONALITY OF STATUTE

Aletheia V.P. Allen
*Solicitor General*
Nicholas M. Sydow
*Deputy Solicitor General*

Office of the N.M. Attorney General
201 Third Street NW, Suite 300
Albuquerque, NM 87102
Tel.: (505) 717-3500
Fax: (505) 490-4881
aallen@nmag.gov
nsydow@nmag.gov

*Counsel for the State of New Mexico and New Mexico Attorney General Raúl Torrez*

The State of New Mexico and New Mexico Attorney General Raúl Torrez (together, the State), by and through Solicitor General Aletheia V.P. Allen and Deputy Solicitor General Nicholas M. Sydow, file this notice of the State's position on the constitutionality of NMSA 1978, Section 32A-4-33(D) (2022).

As a preliminary matter, the State notes that Federal Rule of Civil Procedure 5.1(a) requires a party challenging the constitutionality of a state statute to file a notice of constitutional question and notify the state attorney general when the State or its officers are not a party. Rule 5.1(b) requires the Court to certify that a statute has been questioned. Rule 5.1(c) permits the attorney general to intervene after the notice is filed or the Court certifies the challenge, whichever is earlier. In the present case, neither a notice of constitutional question, nor a certification of the challenge has yet been filed, perhaps because the attorney general initially was named as a defendant before the amendment of Plaintiff's complaint. Nonetheless and in lieu of seeking formal intervention, the State provides its position on the constitutionality of the statute challenged in this case by way of this notice.

The Tenth Circuit Court of Appeals recently reiterated in *Peck v. McCann* that "facially content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." 43 F.4th 1116, 1134 (10th Cir. 2022) (alteration omitted). Plaintiff contends that Section 32A-4-33(D) criminalizes the disclosure of any information in child abuse and neglect cases and, as such, is a facially content-based law that targets speech based on its communicative content. Plaintiff thus argues that, pursuant to *Peck*, Section 32A-4-33(D) is presumptively unconstitutional and fails to survive strict scrutiny.

The plaintiff in *Peck* was an attorney who represented family members in child abuse cases in Colorado juvenile courts. *Peck*, 43 F.4th at 1121. She brought the suit to challenge the constitutionality of the statute addressing the confidentiality requirement and enforcement in Colorado's Children's Code, claiming that it violated her First Amendment rights by restricting her disclosures and chilling her speech. *Id.* at 1121-22. The plaintiff had made statements to a newspaper, as a result of which the juvenile court stated that she "may have disclosed information to a non-party in violation of [the statute]." *Id.* at 1123. "The crux of [the plaintiff's] claim [wa]s a First Amendment challenge" to the statute. *Id.*

The statute at issue in *Peck* stated:

Any person who improperly releases or who willfully permits or encourages the release of data or information contained in the records and reports of child abuse or neglect to persons not entitled to access such information by this section or by section 19-1-303 commits a class 1 misdemeanor and shall be punished as provided in section 18-1.3-501, C.R.S.

43 F.4th at 1122 (emphasis omitted) (quoting Colo. Rev. Stat. § 19-1-307(4) (2021)). In other words, the statute "prohibit[ed] the disclosure . . . [of] any data or information contained in the records and reports of child abuse or neglect[,] . . . includ[ing] non-identifying information contained in those reports." *Id.* at 1127 (emphasis omitted). Accordingly, the Tenth Circuit held that the statute was "a content-based restriction on speech in that it target[ed] and prohibit[ed] speech based on its content, [such as] . . . information from child abuse reports," and concluded that the statute was subject to strict scrutiny. *Id.* at 1134-35.

In its analysis of the statute under strict scrutiny, the Tenth Circuit held that the defendants[1] failed to show "that no alternative exist[ed] that [wa]s both 'less restrictive' than the existing law

---

[1] The remaining defendants in *Peck* were the district attorney of the second judicial district in Colorado and the executive director of the Colorado Department of Human Services. *Id.* at 1124.

2

and would effectively achieve the state's compelling interest" because, although difficult, the alternative means suggested—a law that would limit identifying disclosures alone, requiring someone to separate identifying information from non-identifying information—was feasible. *See id.* at 1135. The Court thus held that the defendants failed to prove that the law was narrowly tailored to serve compelling state interests. *Id.* at 1134, 1137. Of note, the Tenth Circuit also stated that "the fact that forty-eight other states have laws similar or identical to Section 307 . . . does not persuasively support a conclusion that allowing non-identifying disclosures would be an unworkable accommodation to Colorado's compelling interests," and that "[i]t is no excuse for a state that is violating the constitutional rights of its citizens to say 'the federal government is paying us to do it,'" referencing the statute's relationship with the Child Abuse Prevention and Treatment Act. *Id.* at 1137. The Court ultimately concluded that the statute was facially unconstitutional and void. *Id.* at 1122, 1137.

The facts and statutory language at issue in *Peck* are remarkably similar to those in the present case. Here, Plaintiff is also an "attorney who represents foster parents and relatives of children subject to abuse and neglect proceedings." (Compl. 2 ¶ 6) As specifically relevant to this case, Plaintiff represented a relative of an infant who is subject to such a proceeding, and Plaintiff wishes to publicly comment on the Children, Youth and Families Department's (CYFD) investigative techniques and actions. (Compl. 2 ¶ 8) However, he claims that Section 32A-4-33 precludes him from doing so. (Compl. 2 ¶ 9) He therefore brings the present lawsuit to challenge the constitutionality of Section 32A-4-33, claiming that it violates his First Amendment rights by restricting his disclosures and chilling his speech.

Section 32A-4-33(D) states:

Whoever intentionally and unlawfully releases any information or records closed to the public pursuant to the Abuse and Neglect Act or releases or makes other

unlawful use of records in violation of that act is guilty of a petty misdemeanor and shall be sentenced pursuant to the provisions of [NMSA 1978, Section 31-19-1 (1984)[2]].

Section 32A-4-33(A) identifies which "information or records" are "closed to the public":

All records or information concerning a party to a neglect or abuse proceeding, including social records, diagnostic evaluations, psychiatric or psychological reports, videotapes, transcripts and audio recordings of a child's statement of abuse or medical reports incident to or obtained as a result of a neglect or abuse proceeding or that were produced or obtained during an investigation in anticipation of or incident to a neglect or abuse proceeding shall be confidential and closed to the public.

In other words, like the Colorado statute, Section 32A-4-33(D) "prohibits the disclosure . . . [of] any . . . information [closed to the public] contained in the records and reports of child abuse or neglect." *See Peck*, 43 F.4th at 1127. Likewise, Section 32A-4-33(D) "is a content-based restriction on speech in that it targets and prohibits speech based on its content, [such as] . . . information from child abuse reports." *See Peck*, 43 F.4th at 1134-35.

Plaintiff contends that Section 32A-4-33(D) "seeks to enforce the [c]onfidentiality [s]tatute by criminalizing the disclosure of any information or record closed to the public, even non[-]identifying information." (Compl. 4 ¶ 21) The State believes that Section 32-A-33(D) should be read more narrowly as, unlike the Colorado law, the "information or records closed to the public" referenced in Section 32A-4-33(D) are limited to such information or records "concerning a party." Section 32A-4-33(A). Those protected records should be deemed to only encompass identifying records and information. Indeed, as set forth in *Peck*, separating identifying and non-identifying information would constitute an alternative means that would achieve the compelling interest of protecting child-abuse information. *See* 43 F.4th at 1135-36. Nonetheless, if the Court

---

[2] For the conviction of a petty misdemeanor, Section 31-19-1(B) allows for imprisonment in a county jail for a definite term less than six months or payment of a fine of not more than five hundred dollars or both, in the discretion of the judge.

4

concludes that Section 32A-4-33(D) applies to non-identifying information and non-anonymized records or information in CYFD records, the State's position is that the statute is subject to strict scrutiny and, to the extent the statute reaches non-identifying and non-anonymized information, cannot survive strict scrutiny according to the holding in *Peck*. *See Peck*, 43 F.4th at 1135. Accordingly, to the extent Section 32A-4-33(D) applies to such non-identifying information, the State submits that it is unconstitutional and void. *See Peck*, 43 F.4th at 1122, 1137. The Attorney General has prosecutorial authority in New Mexico, NMSA 1978, § 8-5-2(B) (1975), but does not prosecute activity proscribed by a state statute in violation of the United States Constitution.

## CONCLUSION

By this notice, the State provides its position on the constitutionality of Section 32A-4-33; however, the State has no other interest in these proceedings and does not seek permission to formally intervene.

By: */s/ Aletheia V.P. Allen*

Aletheia V.P. Allen
*Solicitor General*
Nicholas M. Sydow
*Deputy Solicitor General*

Office of the N.M. Attorney General
201 Third Street NW, Suite 300
Albuquerque, NM  87102
Tel.: (505) 717-3500
Fax: (505) 490-4881
aallen@nmag.gov
nsydow@nmag.gov

***Attorneys for the State of New Mexico and New Mexico Attorney General Raúl Torrez***

## **CERTIFICATE OF SERVICE**

I certify that on July 10, 2023, I served the foregoing on counsel of record for all parties via the CM/ECF system.

                                                       */s/ Aletheia V.P. Allen*
                                                       Aletheia V.P. Allen