IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HAROLD ATENCIO,**

        **Plaintiff,**

vs.                                                  CIVIL NO. 1:23-cv-00331-KWR-JMR

**SAM BREGMAN,**
**in his official capacity as**
**the District Attorney of the**
**Second Judicial District,**

        **Defendant.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held telephonically on August 16, 2023, and was attended by:

Benjamin Gubernick for Plaintiff

Taylor Sauer Rahn for Defendant.

## NATURE OF THE CASE

In this Section 1983 action, Plaintiff seeks an order permanently enjoining Defendant from prosecuting him for violations of NMSA 1978, Section 32A-4-33, a New Mexico statute that makes it a criminal offense to disseminate any information related to abuse and neglect proceedings. Plaintiff is a licensed attorney. He lawfully came into possession of information related to an abuse and neglect proceeding that he believes establishes misconduct New Mexico's Children, Youth & Families Department ("CYFD"). Plaintiff contends that he wishes to share the information with an investigative reporter in Albuquerque, New Mexico. Plaintiff further contends that the threat of prosecution under Section 32A-4-33 is chilling his speech. Plaintiff believes Section 32A-4-33 is unconstitutional under *Peck v. McCann*, 43 F.4th 1116

(10th Cir. 2022), and should be struck down. Defendant contends he is required to enforce duly enacted laws.

## **AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff has no present intention to amend pleadings or join additional parties.

Plaintiff(s) should be allowed until September 22, 2023, to move to amend the pleadings and until September 22, 2023, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants(s) should be allowed until October 22, 2023, to move to amend the pleadings and until October 22, 2023, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## **STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to stipulate to the consolidation of the preliminary injunction hearing with the trial on the merits, pursuant to Fed. R. Civ. P. 65 (a)(2).

The parties are willing to stipulate that trial may be conducted by a magistrate judge pursuant to Fed. R. Civ. P. 73.

The parties are willing to further stipulate to the following facts:

Plaintiff lawfully came into possession of non-personally identifying information related to an abuse and neglect proceeding (the "Information").

If the Court enjoins Defendant from prosecuting Plaintiff under Section 32A-4-33, Plaintiff will share the Information with journalists in Albuquerque.

Defendant is the chief law enforcement officer for Bernalillo County and has authority to prosecute individuals for violations of Section 32A-4-33 that occur in Albuquerque.

Defendant is unwilling to disclaim prosecuting Plaintiff for future violation of Section 32A-4-33.

The parties further stipulate and agree that the law governing this case is:

Federal First Amendment jurisprudence as promulgated by the Supreme Court and Tenth Circuit.

## PLAINTIFF'S CONTENTIONS:

Plaintiff contends that Section 32A-4-33 violates the United States Constitution, and that Defendant should be permanently enjoined from enforcing it under *Peck v. McCann*, 43 F.4th 1116 (10th Cir. 2022).

## DEFENDANT'S CONTENTIONS

**Defendant contends he is required to enforce all duly enacted laws.**

## PROVISIONAL DISCOVERY PLAN

The parties do not believe discovery is required in this case.

## PRETRIAL MOTIONS

Plaintiff has filed a motion for a preliminary injunction. The motion is fully briefed and pending hearing. In the event that the motion is denied, Plaintiff intends to file a motion for summary judgment.

Defendant intends to file: None at this time.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 2 days.

This is a non-jury case.

The parties are willing to waive pretrial conference.

## **SETTLEMENT**

The possibility of settlement in this case is considered unlikely. The parties do not request a settlement conference.

## **EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

/s/Benjamin Gubernick
For Plaintiff

/s/Taylor Sauer Rahn
For Defendant