**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**HAROLD ATENCIO,**

     Plaintiff,

**v.**                                                                   **1:23-cv-00331-KWR-JMR**

**SAM BREGMAN, in his official capacity**
**as the District Attorney of the**
**Second Judicial District,**

     Defendant.

<u>**DEFENDANT SAM BREGMAN'S SUPPLEMENTAL BRIEFING**</u>

**COMES NOW**, Defendant Sam Bregman, in his official capacity as the District Attorney

of the Second Judicial District (*hereinafter* "Defendant Bregman"), through his attorneys Robles,

Rael & Anaya, P.C. (Taylor S. Rahn), and hereby states the following for his Supplemental Brief:

**INTRODUCTION**

This case involves the constitutionality of NMSA 1978 § 32A-4-33 addressing the

confidentiality of records relating to child abuse and neglect investigations conducted by the

Children Youth and Families Department ("CYFD"). Plaintiff's complaint seeks declaratory and

injunctive relief. Defendant Bregman is the District Attorney for the Second Judicial District which

covers Bernalillo County in New Mexico. Plaintiff filed a Motion for Preliminary Injunction **(Doc.**

**No. 12)**, on June 12, 2023. The parties agreed to consolidate the request for preliminary injunction

with a trial on the merits. <u>See</u> Joint Status Report and Provisional Discovery Plan **(Doc. No. 26)**,

filed on August 23, 2023.

On July 10, 2023, the Attorney General offered its position on the constitutionality of the

statute at issue. <u>See</u> **(Doc. No. 22)**. On September 20, 2023, Defendant Bregman filed a Notice of

Non-Intent to Prosecute **(Doc. No. 32)**. During the parties' pre-trial conference, the Court directed the parties to submit simultaneous briefing on the impact of Defendant Bregman's filing on mootness and/or standing. As set forth below, based upon Defendant Bregman's notice, Plaintiff lacks standing. Alternatively, this matter is moot. Under either and both of these doctrines, this matter should be dismissed.[1]

## LEGAL ARGUMENT

### I.    Plaintiff Lacks Standing.

"The mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threat of enforcement, does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute." Winsness v. Yocom, 433 F.3d 727, 732 (10th Cir. 2006). The burden of establishing standing rests on the plaintiff.  Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 104 (1998).  The parties agree that to establish Article III standing, a plaintiff must show: "(1) an injury in fact that is both concrete and particularized as well as actual or imminent; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision." Protocols, LLC v. Leavitt, 549 F.3d 1294, 1298 (10th Cir. 2008).

---

[1] To the extent Plaintiff raises any procedural objections to Defendant Bregman's request for dismissal due to lack of standing, the Court specifically directed the parties to submit additional briefing on the issue of standing.  Moreover, the Court never set a deadline for dispositive motions in this matter. Additionally, Defendant Bregman challenged standing in his response to request for preliminary injunction which the Court has not ruled upon. Finally, standing and mootness may be raised at any time. See Virginia House of Delegates v. Bethune-Hill, 139 S. Ct. 1945, 1951, 204 L. Ed. 2d 305 (2019) ("As a jurisdictional requirement, standing to litigate cannot be waived or forfeited."); see also Ind v. Colorado Dep't of Corr., 801 F.3d 1209, 1213 (10th Cir. 2015) ("Because mootness is an issue of subject matter jurisdiction, it can be raised at any stage of the proceedings.")

As discussed in Defendant Bregman's response to Plaintiff's request for Preliminary Injunction **(Doc. No. 20)**, Defendant Bregman does not contest the second element. However, Defendant Bregman previously presented arguments regarding the first and third elements. <u>See id.</u>, pp. 2-3. Specifically impacted by Defendant Bregman's notice of intent not to prosecute is the first element.

Under the test articulated in <u>Initiative & Referendum Inst. v. Walker</u>, 450 F.3d 1082, 1089 (10th Cir. 2006)  plaintiffs in chilled speech cases must demonstrate: (1) evidence that in the past they have engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire, though no specific plans, to engage in such speech; and (3) a plausible claim that they presently have no intention to do so because of a credible threat that the statute will be enforced. In order to determine whether there is a credible threat of prosecution, there are "at least three factors to be used in determining a credible fear of prosecution: (1) whether the plaintiff showed 'past enforcement against the same conduct'; (2) whether authority to initiate charges was 'not limited to a prosecutor or an agency' and, instead, 'any person' could file a complaint against the plaintiffs; and (3) whether the state disavowed future enforcement." <u>Peck v. McCann</u>, 43 F.4th 1116, 1132 (10th Cir. 2022). Although courts have opined that these factors are not an exact formula and even one factor may establish standing, here, Plaintiff cannot establish any that any of the factors weigh in his favor.

In regard to the first factor, unlike the plaintiff in <u>Peck</u>, who was the subject of a court order regarding unauthorized disclosure, Plaintiff generally alleges he has been warned by judges previously. Plaintiff has not been the subject of *any* enforcement action, nor has Plaintiff provided evidence of any enforcement action. Thus, this factor weighs against Plaintiff.  Notably, Plaintiff

relied upon Defendant Bregman's failure to disavow future prosecution to bolster his *prior* enforcement argument. Even assuming this was proper, as Defendant Bregman has disavowed prosecution, this factor cannot be weighed in Plaintiff's favor.

The second factor likewise weighs against Plaintiff as enforcement is limited to prosecutors. See Peck 43 F.4th at 1132 (concluding second factor weighed against plaintiff where only "prosecutors c[ould] bring charges" under a statute).

At this time, the third factor likewise weighs against finding standing as Defendant Bregman has disavowed an intent for future prosecution. See **(Doc. No. 32)**; see also Affidavit of Sam Bregman, attached as *Exhibit A*. It is notable that Plaintiff focused extensively on the failure to disavow prosecution in his Reply in support of Motion for Preliminary Injunction. See **(Doc. No. 21)**, p. 2 (citing Lawson v. Hill, 368 F.3d 955, 959 (7th Cir. 2004) ("disavowals are important … in cases in which, without a disavowal, the plaintiff seeking to enjoin enforcement would have a reasonable basis for concern that he might be prosecuted.")). In fact, Plaintiff suggested that this factor alone may be establish standing. Additionally, as Plaintiff out, Peck itself emphasizes this factor. See id., 43 F.4th at 1132; see also Chiles v. Salazar, No. 122CV02287CNSSTV, 2022 WL 17770837, at *4 (D. Colo. Dec. 19, 2022) (noting this factor is entitled to "heavy weight."); Cole v. Goossen, 402 F. Supp. 3d 992, 1005 (D. Kan. 2019) ("[C]ourts generally find no standing where a plaintiff has never been threatened with enforcement of a statute in the past, **or** future prosecution has been disavowed in some way.") (emphasis added). The Tenth Circuit has held "that assurances from prosecutors that they do not intend to bring charges are sufficient to defeat standing." D.L.S. v. Utah, 374 F.3d 971, 975 (10th Cir. 2004); see also Mink v. Suthers, 482 F.3d 1244, 1255 (10th Cir. 2007) (noting a disavowal of prosecution, filed shortly after the lawsuit was initiated defeated

standing and holding "[w]here a plaintiff only seeks prospective relief, standing is defeated when there is evidence the government will not enforce the challenged statute against the plaintiff."). On two separate occasions, the Tenth Circuit has found notice by prosecutors of a non-intent to prosecute was the "sole" reason for declining to find standing. See Ward v. Utah, 321 F.3d 1263, 1268 (10th Cir. 2003) (citing PeTA v. Rasmussen, 298 F.3d 1198 (10th Cir.2002) and Faustin v. City and County of Denver, Colo., 268 F.3d 942, 947 (10th Cir.2001)).[2]

Also instructive is the Court's opinion in Yocom. In that case, the prosecutor had filed an affidavit noting it did not intend to prosecute the plaintiff. The Court noted:

> To be sure, the prosecutorial disavowals were provided only after Mr. Larsen filed his lawsuit. Mr. Larsen complains that prior to filing suit his attorney wrote District Attorney Yocom and Attorney General Shurtleff to request assurances of non-prosecution, and that Yocom and Shurtleff declined or failed to respond. **That is of no moment.** "There is no federal right to obtain advisory opinions from local prosecutors.

Id., 433 F.3d at 733 (emphasis added) (citation omitted).

The Court rejected the plaintiff's argument that the disavowal did not eliminate standing, in part, because the current prosecutor's successor may repudiate the current prosecutor's policy. See id. The Court noted:

> [I]t is not necessary for defendants in such cases to refute and eliminate all possible risk that the statute might be enforced. It is the plaintiff's burden to demonstrate an "actual or imminent, not conjectural or hypothetical" threat that the statute will be enforced against him, such that he suffers a constitutionally cognizable injury from the ensuing chilling effect on his conduct.

Id. (citation omitted).

---

[2] In these cases, prosecutors determined the statutes in question did not apply to the plaintiff's conduct. Notably, this interpretation was no more binding that Defendant Bregman's notice of intent not to prosecute.

The Court has raised the issue of the nature of Defendant Bregman's notice and there was some discussion at the pre-trial conference whether an affidavit was required. An affidavit has now been provided. None of the cases addressing standing hold that where a disavowal is provided, a question of fact is created as to the sincerity of the plaintiff's belief of the threat of continued prosecution or the prosecutor's assurances that he/she intends to prosecute. Instead, all cases involving disavowal of prosecution have found this factor dispositive.

## II.    Plaintiff's Case is Now Moot.

To the extent the Court declines to dismiss this case based upon lack of standing, the Court must dismiss this case because it is now moot. A plaintiff's standing at the time of filing does not ensure the court will ultimately be able to decide the case on the merits. An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 133 S.Ct. 1523, 1528, 185 L.Ed.2d 636 (2013) (quotations and citations omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." Campbell–Ewald Co. v. Gomez, 577 U.S. 153, 136 S.Ct. 663, 669, 193 L.Ed.2d 571 (2016) (quotation omitted). Mootness deprives federal courts of jurisdiction. Schell v. OXY USA, Inc., 814 F.3d 1107, 1114 (10th Cir.2016).

The Tenth Circuit faced a similar situation in Brown v. Buhman, 822 F.3d 1151 (10th Cir. 2016). In that case, the plaintiffs challenged a bigamy statute. See id. at 1555. After the filing of the Complaint, the Defendant, the County Attorney submitted a declaration indicating that he did not intend to prosecute the plaintiffs or similarly situated individuals. See id. The Tenth Circuit determined based upon the declaration as well as the plaintiff's move out of state, the plaintiffs no

longer faced a credible threat of prosecution and their claims for prospective relief were moot. Id.,

1170. Like Plaintiff here, the plaintiffs in Brown did not seek damages for past conduct, only for

future enforcement action.  Id.

The Tenth Circuit went on to hold that the voluntary cessation exception to the mootness

doctrine did not apply in that case. The Court noted:

> A defendant's voluntary cessation may moot a case, however, if the defendant
> carries "the formidable burden of showing that it is absolutely clear the allegedly
> wrongful behavior could not reasonably be expected to recur." Already, 133 S.Ct.
> at 727 (quotation omitted). The Supreme Court has described this burden as
> "heavy," Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1, 551 U.S. 701,
> 719, 127 S.Ct. 2738, 168 L.Ed.2d 508 (2007), and "stringent," Friends of the Earth,
> 528 U.S. at 189, 120 S.Ct. 693.
>
> But the burden is not insurmountable, especially in the context of government
> enforcement. "In practice, [this] heavy burden frequently has not prevented
> governmental officials from discontinuing challenged practices and mooting a
> case." Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1116
> (10th Cir.2010). Most cases that deny mootness following government officials'
> voluntary cessation "rely on *clear showings* of reluctant submission [by
> governmental actors] and a desire to return to the old ways.'" *Id*. at 1117 (brackets
> and emphasis in Rio Grande Silvery Minnow) (quoting 13C Charles Alan Wright,
> Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3533.6,
> at 311 (3d ed.2008)); *see also* Gessler, 770 F.3d at 908 (same).
>
> We have cited with approval the Fifth Circuit's decision, in the government
> enforcement context, "not [to] require some physical or logical impossibility that
> the challenged policy will be reenacted absent evidence that the voluntary cessation
> is a sham for continuing possibly unlawful conduct." Rio Grande Silvery Minnow,
> 601 F.3d at 1117–18 (quoting Sossamon v. Lone Star State of Tex., 560 F.3d 316,
> 325 (5th Cir.2009)). And we have indicated that government "self-correction ...
> provides a secure foundation for mootness so long as it seems genuine."

Id., 1166–68 (10th Cir. 2016)

"Courts may accord 'more solicitude' to government officials' claims that their voluntary

conduct moots a case." Prison Legal News v. Fed. Bureau of Prisons, 944 F.3d 868, 881 (10th Cir.

2019). "And absent evidence the voluntary cessation is a sham, the mere possibility a successor official may shift course does not necessarily keep a case live." Id.

Defendant Bregman concedes that the Brown court relied in part on the fact that the District Attorney's statement was made in conjunction with an office policy.[3] However, the Brown court simply found these conditions were sufficient, not necessary to show the self-correction was genuine. Here, Defendant Bregman issued his notice after the Attorney General, the official charged with providing opinions on matters of law expressed a belief that the statute may be read in a way that is unconstitutional. See (Doc. No. 32). Previously Defendant Bregman had not expressed a strong preference for enforcing the statute, only that he is required to enforce all duly enacted laws. Once the Attorney General's office provided its opinion, Defendant Bregman submitted his notice. Further supporting a finding that the cessation is genuine is the lack of any prior enforcement action by the Second Judicial District Attorney's Office. Finally, like the statement in Brown, Defendant Bregman's notice is not limited to Plaintiff only, but as to enforcement of the statute as a whole. Thus, Plaintiff's claim is moot.

## CONCLUSION

Plaintiff lacks standing to proceed with this lawsuit as he cannot establish a credible threat of prosecution. Plaintiff cannot meet any of the factors identified for credible threat of prosecution as he not shown any past enforcement, action may only be taken by prosecutors, and Defendant Bregman has disavowed any intent to prosecute in the future.

**WHEREFORE**, Defendant Sam Bregman, in his official capacity as the District Attorney of the Second Judicial District, respectfully requests that the Court deny Plaintiff's Motion for

---

[3] As noted above, no such evidentiary showing has been described for standing.

Preliminary Injunction, dismiss Plaintiff's Complaint for lack of standing, award Defendant his

attorney's costs and fees, and for all other relief the Court deems just and proper.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**

By:      /s/ Taylor S. Rahn
Taylor S. Rahn
Attorney for Defendant
500 Marquette Ave NW, Suite 700
Albuquerque, NM 87102
(505) 242-2228
(505) 242-1106 (facsimile)
taylor@roblesrael.com

I hereby certify that on this 26th day of
September 2023, the foregoing was
electronically served through the CM/ECF
system to all counsel of record.

 /s/ Taylor S. Rahn
Taylor S. Rahn